■    HELEN LOMBARDO, Respondent, v. LEBERT LOMBARDO, Appellant.— In an action to enforce the support provisions of a California divorce decree, etc., defendant appeals from an order of Supreme Court, Nassau County, dated March 29, 1971, which denied his motion for a protective order limiting the deposition to be given by him. Order modified by adding after the word "denied" therein the following: "as to the requested income tax returns for 1968 and 1969 and granted as to all the other items listed in plaintiff's notice of examination of defendant"; as so modified, order affirmed, without costs. The examination shall proceed at the place fixed therefor in the order under review and at a time to be fixed in a written notice of not less than 10 days, to be given by plaintiff, or at such other time and place as the parties may mutually agree upon by written stipulation. In this action to enforce the support provisions of a California divorce judgment and to make the same a judgment of the New York courts, plaintiff alleges in her complaint that she was divorced from defendant pursuant to a California divorce decree rendered on or about July 10, 1959; that, pursuant to said decree, defendant was to pay plaintiff $300 per week for her and their children's support; and that defendant is in arrears on such payments since October 20, 1969. Plaintiff in her prayer for relief seeks (1) to have the California judgment made a judgment of the New York courts; (2) to enter a judgment for arrears and for future support in the sum of $300 per week; (3) to require defendant to furnish security for future alimony; (4) to sequester defendant's property; and (5) to enjoin defendant from disposing of his property. The California divorce judgment provides in pertinent part that, should defendant's adjusted gross income fall below $35,000 per year, the support payments for the following year are to be recomputed pursuant to a specific formula in the California judgment. The California judgment also provides for the reduction of support payments in a specified amount as each child of the marriage reaches the age of 21 years. In his answer defendant interposed a general denial to plaintiff's claim for arrears from October 20, 1969. As a first affirmative defense and counterclaim, he alleges that he paid defendant $300 per week from July 13, 1959 to October 13, 1969; that during this period several of their children reached the age of 21; and that defendant therefore overpaid in the amount of $70,275 during this period. As a second affirmative defense and counterclaim, defendant alleges that plaintiff's financial condition has changed substantially since July, 1959, when the California divorce was rendered, and that any more support payments to plaintiff are unnecessary. Plaintiff noticed an examination before trial of

defendant and also asked for the production of defendant's tax returns for the years 1959 through 1969, as well as numerous other items, including statements of any bank, trust or brokerage accounts held by him and any deeds, contracts, or other writings indicating his interest in any realty or in the income or principal of any trust. Defendant moved for a protective order, which was denied by Special Term. In our opinion, Special Term was in error in denying the motion, with the exception of the requested tax returns for 1968 and 1969. As above stated, plaintiff's complaint alleges arrears by defendant in support payments from October 20, 1969. Pursuant to the California decree, the earliest income tax return of defendant reflecting his adjusted gross income which would have any bearing on plaintiff's claim for arrears since October 20, 1969 and on the amount of recovery, if any, would be for the year 1968. Consequently, the tax returns of defendant for the years 1968 and 1969 only were proper items for production (CPLR 3101 *et seq.*). The other tax returns are not material or necessary to the prosecution of plaintiff's claim. Neither are they relevant in helping plaintiff defend against defendant's first affirmative defense and counterclaim. Defendant's tax returns for the years 1959 through 1969, during which time he claims overpayment due to the fact that several of the children of the marriage reached 21, would only reflect the number of deductions taken by defendant and the amount thereof. They would in no way indicate whether or not defendant did actually overpay plaintiff during that period. The other items sought in plaintiff's notice, i.e., items (b) through (f) therein, are clearly designed to furnish a complete picture of all of defendant's assets which may be sequestered or used as security for future support payments. The Supreme Court of the State of New York has concurrent jurisdiction with the Family Court to entertain applications to enforce and modify the alimony and support provisions of foreign decrees irrespective of the grounds upon which such decrees were granted (N. Y. Const., art. VI, § 7, subd. c; *Matter of Seitz* v. *Drogheo,* 21 N Y 2d 181, 185; Family Ct. Act, § 466, subd. [c]). Nevertheless, the posting of security can only be imposed at the time a judgment for arrears and future support is rendered (Domestic Relations Law, § 243) and the equitable remedy of sequestration can be imposed only after a judgment for arrears and future support is rendered and the defendant has failed to obey it (Domestic Relations Law, § 243) or has failed to obey an order of support and leaves or threatens to leave the State (Family Ct. Act, § 457). Plaintiff's claim for arrears and future support, which is contested here, must be first reduced to a money judgment before any application for enforcement through equitable remedies will be entertained. Consequently, the items requested by plaintiff in items (b) through (f) of her notice are not material and necessary to the prosecution of her action at the present time and defendant is entitled to an order of protection as to these items. Latham, Acting P. J., Gulotta, Christ, Brennan and Benjamin, JJ., concur.