Joseph A. Suozzi, J.
The plaintiff wife seeks by this motion, to enter a money judgment against the defendant husband, for arrears of alimony due and owing under a final judgment of divorce granted on February 17, 1972 by the Circuit Court, Fifteenth Judicial Circuit, State of Florida from November 18, 1974 to June 23, 1975. In addition, the movant requests interest from the due dates of each payment, security to ensure payments in the future, and counsel fees.
In 1970 after 16 years of marriage, plaintiff and defendant, both New York residents at the time, entered into negotiations to settle their economic affairs in anticipation of separation. After an agreement was reached in principle, the wife moved to Florida with the parties’ two minor children. New York counsel drafted an agreement which was executed on April 29, 1970 by the husband in New York and on May 13, 1970 by the wife in Florida. The agreement is dated April 29, 1970. In June, 1971, the husband, while visiting his children in Florida was served personally with a summons for divorce by the wife. He retained Florida counsel and defended the suit on the merits. After a two-day trial, during which both parties testified, the court rendered a verdict for the plaintiff. The final judgment was entered two months later. The wife’s divorce complaint requested that the court set "temporary and permanent” alimony and that it declare the separation agreement previously entered into by the parties a nullity on the grounds that she had been mentally ill and unrepresented by counsel at the time of the signing of the agreement. The husband’s answer to the complaint conceded plaintiff’s valid residence in Florida, but contained an otherwise general denial. Further, the husband’s answer set forth the previously executed separation agreement as an affirmative defense to plaintiff’s seeking alimony other than the $150 per week specified in the agreement. The final judgment of the Circuit Court of the Fifteenth Judicial Circuit of Florida ignored the alimony provision of the separation agreement and set ali *315 mony at $310 per week. That decree is silent as to how the court treated the separation agreement. The wife’s cause of action to declare the agreement a nullity was apparently never adjudicated. No appeal from the judgment of divorce was taken by either party. The husband commenced payment of the $310 weekly alimony and continued to do so for a period of approximately two years. He apparently stopped paying the $310 in November, 1974. Both the separation agreement and the Florida judgment provide for $150 a week child support. Those payments are not involved in this proceeding.
On May 14, 1975 the plaintiffs attorneys filed the final judgment of divorce with the Clerk of Nassau County in conformity with the provisions of CPLR 5402 (subd [a]), and sought enforcement under CPLR article 52.
Defendant then moved in this court at a Special Term to vacate the filing of the authenticated Florida judgment and any restraints served pursuant to the judgment. This court (Pittoni, J.) by order dated July 3, 1975 denied defendant’s motion but stayed enforcement pending plaintiffs application to enforce the Florida judgment, pursuant to section 244 of the Domestic Relations Law. Restraints were vacated. Between the return day of that motion and the date of the order of Mr. Justice Pittoni, the Florida court granted a money judgment for arrears in the sum of $9,920. The husband did not appear or answer in that proceeding to reduce alimony arrears to judgment.
The plaintiff concedes that the mere filing of an authenticated judgment of divorce rendered in a sister State does not entitle her to execution and enforcement in accordance with the CPLR. This remains true even if alimony payments are vested and cannot be retroactively modified by the courts of the rendering State. Beyond "vesting” lies proof of nonpayment and defenses, both equitable and legal. Here, the Florida courts, at the request of the plaintiff, reduced the "vested” and unpaid alimony to a money judgment. This court will assume, therefore, that, like New York, the Florida courts require proof of nonpayment before rendition of a judgment for a sum of money, despite their "vesting” of alimony concept. In any event, the relief sought now and the order of Mr. Justice Pittoni, presumes that the filing of an authenticated judgment and an affidavit, as required by CPLR 5402 (subd [a]) are sufficient to warrant enforcement without first obtaining a *316 money judgment for arrears pursuant to section 244 of the Domestic Relations Law. The court notes that CPLR 5402 (subd [b]) directs the clerk to treat the foreign judgment in the same manner as a judgment of the Supreme Court of this State. That alone would not require a proceeding under section 244 of the Domestic Relations Law. Our own divorce judgments, the issue of "vesting” aside, cannot be enforced without first reducing arrears to a money judgment. "Vesting”, as previously pointed out, does not of itself lead directly to enforcement without proof of default.
However, a money judgment pursuant to section 244 of the Domestic Relations Law would be unavailable unless the underlying Florida judgment of divorce with its direction, for alimony, is entitled to recognition hére by virtue of the Full Faith and Credit Clause, section 1 of article IV of the United States Constitution. A prerequisite to such recognition of a sister-State judgment is that it be final, in the sense that it not be subject to modification in the rendering State. In order for a New York court to grant "full faith and credit” to a foreign judgment for accrued alimony arrears in a matrimonial action, the right to alimony must become "vested”, that is to say nonmodifiable as it becomes due in the rendering State (Sistare v Sistare, 218 US 1). Therefore, this court must look to the law of the State of Florida, the State where the divorce decree was rendered, for a determination of "finality”. The Florida courts have consistently held that the right to alimony already accrued is a vested right and a Florida court is without any power to retroactively modify arrears (Smith v Smith, 293 So 2d 767; Goff v Goff, 151 So 2d 294; Blanton v Blanton, 18 So 2d 902; Van Loon v Van Loon, 132 Fla 535). Therefore, the Florida judgment of divorce must be afforded "full faith and credit” by this court. CPLR 5401 defines a foreign judgment as one entitled to full faith and credit in this State. The exception for judgments obtained by default in appearance, or by confession of judgment, does not apply to this judgment of divorce which resulted after appearance and a full trial by the parties.
The reduction of the specific amount of arrears to a money judgment in the Florida courts does not preclude resort to section 244 of the Domestic Relations Law. That judgment may not be entitled to enforcement pursuant to CPLR 5401 on the grounds that it was "one obtained by default in appearance”. The question of where the default in appearance had to *317 occur — the original matrimonial action or the specific proceeding out of which the judgment arose — need not be answered here. If the required default is, as here, in the specific proceeding for reduction of arrears to judgment, then the plaintiff must file the judgment of divorce and then resort to section 244 of the Domestic Relations Law. However, if the required default is one in the original action, then the plaintiff could proceed directly on that money judgment and the issues raised here would either have to be raised in a motion brought on by the defendant, or possibly be precluded entirely from consideration. Accordingly, the defendant should not be heard to object to the existence of a Florida monetary judgment during the proceeding here. In any event, the defendant can be compelled to pay but once, despite multiple judgments in different States for the same alimony arrears.
The court finds without merit, the husband’s argument that section 244 of the Domestic Relations Law is inapplicable to enforcement of foreign judgments. If a sister-State divorce decree is entitled to full faith and credit and not obtained by a default in appearance, then the plaintiff may enforce in the same manner as a judgment of the Supreme Court of this State (CPLR 5402, subd [b]). When domestic alimony arrears are not reduced to a money judgment, "Section 244 of the Domestic Relations Law, like its predecessor section (Civ. Prac. Act, § 1171-b) [would] be deemed the exclusive remedy for the entry of such a judgment; and that section, like its predecessor, requires an application to the court for permission to enter judgment, which application the court in its sound discretion may grant or deny in an adversary proceeding on appropriate notice” (St. Germain v St. Germain, 25 AD2d 568, 569). Alimony which comes due is not a judgment debt which may be enforced by execution as is the case of an ordinary civil judgment (11B Zett-Edmonds-Schwartz, NY Civ Prac § 42.07; Wheelock v Wheelock, 3 AD2d 25, affd 4 NY2d 706).
Accordingly, the plaintiff has taken the appropriate first step towards domesticating the foreign divorce decree by duly filing it with the county clerk and sending out appropriate notice pursuant to CPLR article 54. Now, as a second step, she has moved pursuant to section 244 of the Domestic Relations Law to reduce the unmodifiable arrears to a judgment here as a preparatory step to execution of that judgment.
The defendant argues that a New York court should not *318 enter judgment for arrears based on the alimony provision of the Florida divorce decree in the face of the separation agreement alimony clause and the provision there for survival despite a subsequent decree. From the pleadings, in the Florida action it is apparent that the separation agreement was an issue in the Florida litigation. Plaintiff requested that this agreement be nullified, and defendant utilized the agreement as an affirmative defense to any modification of alimony or support obligations. The Florida trial court did not decide that issue of validity. However, the Florida courts give less credence to separation agreements than a New York court does; they are not bound by alimony provisions in a separation agreement. They can ignore such an agreement as equity requires (Risteen v Risteen, 280 So 2d 488; FSA § 61.14). To the extent Florida awarded $310 a week instead of $150 a week, the agreement was disregarded.
Florida may indulge in a policy of equitable adjustment of alimony contractually determined by the parties. It does not follow that New York with its substantial connection with that subsisting contract between the parties and with the defendant, its domiciliary, can be compelled to adopted Florida’s policy (cf. Yarborough v Yarborough, 290 US 202, 223 [dissent of Mr. Justice Stone, concurred in by Mr. Justice Cardozo]). Other States with no compelling interest would be required to determine the amount of the arrears, render judgment for that sum of money, and permit execution (see Sistare v Sistare 218 US 1, supra). But, in this court’s opinion, New York is only required to accord full faith and credit to the divorce decree. That constitutional doctrine does not mandate that this State ignore its own interest in the matter. An existing, valid New York contract between domiciliaries, one whom continues to reside here, expresses a sound and important policy of this State in favor of voluntary settlement of economic controversy between adult parties to matrimonial litigation. Indeed the policy is so strong as to smack of the favor of jurisdiction. Judge Fuld, in his vigorous dissent in McMains v McMains (15 NY2d 283, 289) said 'T had always thought it settled that a court lacked the power to modify a matrimonial judgment by changing the amount of alimony allowed therein if to do so would impair the rights of either party under a valid, nonmerged agreement”. In the face of such a policy, New York need not yield to Florida’s decree as to support to the wife. The commands of the Full Faith and *319 Credit Clause are not inexorable (Vanderbilt v Vanderbilt, 354 US 416, 426 [dissent of Mr. Justice Frankfurter]). Divisible divorce is, despite such rationalizations as "in rem” proceedings, but one such compromise with full faith and credit. Logically extended, the dichotomy between judicial and contractual support is no less worthy of protection by the enforcing State with substantial connection to the transaction.
The question is not what Florida may do to the contract of the parties, but rather what the Full Faith and Credit Clause compels New York to do with the enforcement of the judgment of our sister State. Florida’s pre-eminence within her own boundaries is undeniable. The question here is whether under the Full Faith and Credit Clause, New York is compelled to put aside her own law and policy in favor of Florida law on the question of contractual rights. Had Florida awarded the plaintiff less than the alimony prescribed by the agreement, she might have sought enforcement of the difference by a plenary action on the contract in our courts (King v Schultz, 29 NY2d 718). Could we then deny her that relief in our courts (the issue of her prior attack on the agreement aside) because Florida can disregard the alimony provisions of the valid and subsisting agreement? This court thinks not. Then the reverse must be true as well and in our courts, the plaintiff can seek enforcement of no more than agreed to in the separation agreement.
Accordingly, enforcement of arrears of $9,920 will be denied. The defendant has paid more alimony to date than is called for by the separation agreement.
The voluntary payment of $310 a week alimony up to November 19, 1974 precludes any credit for prepayment. The defendant is estopped to raise these issues for a period when he paid the amount called for by the Florida decree, without protest. The plaintiff is entitled to a judgment for arrears for the period November 18, 1974 to June 23, 1975, at the rate of $150 a week. Accordingly, the plaintiff may recover of the defendant the sum of $4,800 and the county clerk is directed to enter judgment accordingly. Interest is not available on alimony arrears from the due date of each installment. In a plenary suit on a separation agreement such interest could be awarded.
The request for a counsel fee is denied. The circumstances of the case and the overpayment prior to November 18, 1974 *320 moves this court in its discretion to make no award of a counsel fee.
The application for security is denied. If the defendant fails to make the payments of $150 as they come due hereafter, the plaintiff may then seek security or other appropriate enforcement remedies. (Cf. CPLR art 54 with Lombardo v Lombardo, 37 AD2d 993, 994.) The failure to pay installments after November 18, 1974 is apparently based on the defendant’s belief that he overpaid and not on inability or proven defiance of court orders. Nothing here indicates that the defendant, following this determination, will not make the payments as limited.