■ ALBA FARINO, Respondent, v JOSEPH FARINO, Appellant.—In a matrimonial action, the defendant appeals (1) as limited by his brief, from the alimony, child support and counsel fee provisions of a judgment of divorce of the Supreme Court, Suffolk County, entered January 25, 1977, and (2) from an order of the same court, dated July 28, 1977, which, *inter alia*, denied his motion for a downward modification of the economic incidents of the judgment of divorce and awarded plaintiff a money judgment. Judgment affirmed insofar as appealed from, without costs or disbursements. Order modified, on the law, by deleting the fifth, sixth, seventh, eighth and ninth decretal paragraphs thereof. As so modified, order affirmed, without costs or disbursements. We hold that the award of alimony and child support was proper in the light of the defendant's net worth and the parties' actual marital standard of living (see *Hickland v Hickland*, 39 NY2d 1; *Kay v Kay*, 37 NY2d 632). Nor did the defendant set forth a significant change in circumstances such as would require a downward modification. Furthermore, in the circumstances of this case and of the parties, the award of counsel fees, in the judgment and the subsequent order, was well within the court's proper exercise of discretion. However, enforcement of the judgment of arrears by means of sequestration was improper in this case. Sequestration is a drastic remedy which should be granted only if the defendant fails to pay a judgment of arrears, refuses to comply with an order to post reasonable security or leaves or threatens to leave the county where the property is located (see Domestic Relations Law, § 243; *Lombardo v Lombardo*, 37 AD2d 993; cf. *Matter of Hunter v Hunter*, 41 AD2d 772). Here the

plaintiff is fully protected against default of payments by the bond in the amount of $23,200 which was furnished pursuant to an order to show cause dated August 11, 1977, and continued by order of this court dated November 4, 1977, which bond stands as full security for the payment of arrears. Damiani, J. P., Titone, Rabin and Gulotta, JJ., concur.