OPINION OF THE COURT
Arthur W. Lonschein, J.
The question presented is whether the plaintiff is entitled to sequestration of her former husband's pension benefits at the present time, approximately five years in advance of the earliest date at which they can become payable.
FACTS
The facts are not in dispute, and were submitted to the court by stipulation. The defendant husband was born on October 9,1940, and was a first baseman for the New York Yankees during the 1960’s. He is a qualified member of the Major League Baseball Players Benefit Plan (the Plan). He will be eligible to elect “early retirement”, and so receive benefits, at any point from his 45th birthday to his 60th birthday, which would be his “normal retirement date”. A member who elects “early retirement” will receive payments at a significantly reduced level. Mr. Pepitone has in *13 the past borrowed approximately $10,000 against his pension rights, which will have to be repaid out of the first benefit installments before he can actually receive anything.
Since the parties were divorced on September 19, 1973, defendant has amassed considerable arrearages in alimony and child support, for which judgments of $35,000 and $7,000 have been entered. No payments have been made on either of these judgments.
It should be made clear that Mrs. Pepitone recognizes that, even if sequestration were granted, she could not force the pension plan to release any moneys at the present time. All sides agree that her rights to present receipt of pension funds could not be greater than Mr. Pepitone’s. Rather, Mrs. Pepitone seeks sequestration of the pension rights now, so that when Mr. Pepitone reaches his 45th birthday, she may compel him to elect early retirement and so she may then begin to recover on the arrearages.
DISCUSSION
Sequestration is a drastic remedy, which should be granted only after a judgment for arrears and future support has been rendered and the defendant has failed to obey it, and if the plaintiff is not otherwise protected against further default. (Farino v Farino, 63 AD2d 691; Lombardo v Lombardo, 37 AD2d 993.) These prerequisites having been met, Mrs. Pepitone is entitled to sequestration of any appropriate assets. The question, of course, is whether Mrs. Pepitone’s rights in the pension plan are such assets at the present time.
The trustee of the pension plan raises the issue of the application of the Federal Employee Retirement Income Security Act of 1974 (ERISA) (US Code, tit 29, § 1001 et seq.) to this case. The trustee’s principal concern is that the court not order an immediate payment out of the Plan, as that would affect the Plan’s tax-exempt status. This concern is not warranted, since Mrs. Pepitone does not seek such an immediate payment.
Of greater moment is the provision in the act that “Each pension plan shall provide that benefits provided under the *14 plan may not be assigned or alienated.” (US Code, tit 29, § 1056, subd [d], par [1].) This is complied with by section 16.1 of the Plan, which reads, in full, as follows: “To the extent permitted by law, none of the benefits hereunder or payments or proceeds of any contract of insurance or property held in any trust hereunder shall be subject to any claim of any creditor of any member; and shall not be subject to attachment or garnishment or other legal proceedings by any creditor of any member or any beneficiary of any member; and neither the member nor any beneficiary shall have the right to alienate, encumber or assign any of the benefits, payments or proceeds of any contract issued pursuant hereto or property held in any trust hereT under.”[1]
These provisions in the plan and ERISA must be avoided, in light of the holding in Alexandre v Chase Manhattan Bank, N.A. (61 AD2d 537), denying sequestration to a former wife where the pension plan involved and the enabling statute under which it existed both prohibited the garnishment or sequestration of any rights or interests granted under the Plan. It is now clear, however, that ERISA does not operate to immunize pension payments from family support obligations. The United States Court of Appeals for the Second Circuit has twice recently held that there is an implied exception to the antialienation provision for this purpose. (American Tel. & Tel. Co. v Merry, 592 F2d 118; Cody v Riecker, 594 F2d 314; see, also, Cogollos v Cogollos, 93 Misc 2d 406.)[2]
Since there is no obstacle under Federal law to Mrs. Pepitone’s sequestration of these pension rights, we pro *15 ceed to the question of whether sequestration is appropriate as a matter of State law. The crucial consideration is whether or not Mr. Pepitone has a definite property right in the Plan which may be sequestered now, nearly five years in advance of the earliest date at which he could possibly receive any benefits.
There are no appellate cases which control here. In Alexandre v Chase Manhattan Bank, N.A. (supra), the Appellate Division denied sequestration of pension rights to a separated wife who sought immediate invasion of a principal amount which was not subject to distribution at that time. The court did not consider the possibility of allowing sequestration in advance of the allowable distribution date, and it is not apparent from the opinion how far from the decision that date was.
In Fox v Fox (9 Misc 2d 1092, 1093) the court allowed sequestration of pension benefits not then payable, “regardless of the date when the attachment bears fruit”. The time between the decision and the date of first payment, however, was a little more than a month. In Kunzeck v Kunzeck (102 Misc 2d 607), the defendant was eligible to elect early retirement at the time of the decision if alive, but he was missing and it was unknown whether he was alive or dead. Benefits would have been payable upon his election of early retirement, his reaching the age of 65, or his death. The court held that he did have a “vested interest” in the plan, but that the “requisite proprietary interest” which would allow sequestration had not been established, and denied relief. The court did not distinguish between the two types of interest. Rather, the decision turned on the fact that none of the three possible bases for distribution of funds had been specifically established. As in Alexandre (61 AD2d 537, supra), the court did not consider granting sequestration and allowing the wife to accelerate the retirement date.
In the case before this court, Mr. Pepitone’s interest in the plan is vested, but cannot now be accelerated and is *16 inaccessible to him for several years to come. Sequestration is therefore a remedy which would afford no present benefit to Mrs. Pepitone. While it appears that Mr. Pepitone has, in the past, borrowed against his pension rights and thus postponed the day when he can begin to receive payments in hand, there is no indication that he has any further right to affect his pension benefits adversely, and there is no appearance of any other threat to the fund. There will therefore be no benefit to Mrs. Pepitone if she is allowed to sequester the funds in the interim period until the pension benefits become payable. The court therefore regards this application as premature, and it is denied, without prejudice.
Having denied sequestration on this basis, it is incumbent on the court to give some indication as to the proper time at which Mrs. Pepitone may renew her application. It should be emphasized that when and if she does so, she will have to establish that the prerequisites set forth in Farino (63 AD2d 691, supra) and Lombardo (37 AD2d 993, supra), are in existence as of the time of the renewed application, viz., that Mr. Pepitone has failed to pay the judgments of arrears, and that Mrs. Pepitone is not otherwise protected.
Mrs. Pepitone contends that she should be able to compel Mr. Pepitone to elect early retirement when he attains the age of 45, and then sequester the payments until the arrears are satisfied. Mr. Pepitone takes no position on the question at this time, but asks the court to defer it until he reaches early retirement age. The trustee of the plan has no stake in this question and also takes no position. The court believes that to defer all consideration of the matter and thus leave the parties in limbo, would be unfair.
Subject to the caveat expressed above, Mrs. Pepitone should be allowed to compel Mr. Pepitone to elect early retirement when he reaches age 45, and then to sequester the proceeds.
There are no authorities in this State directly in point. In Alexandre v Chase Manhattan Bank, N.A. (61 AD2d 537, supra), the Appellate Division denied a wife’s application *17 to compel her husband to accelerate his annuity payments so that they could be sequestered, but the rationale there was that the annuity contract and its enabling statute prohibited any such garnishment or sequestration, even for the benefit of family support. The situation in Matter of Aurora G. v Harold Aaron G. (98 Misc 2d 695), was identical, and the Family Court there relied on the Alexandre case.
As noted at the outset, Mr. Pepitone’s benefits under the Plan will be significantly reduced if he elects or is compelled to elect early retirement. Any resistance on his part to being compelled to make the election would have to be based on this consideration, since the court would not countenance a willful refusal on a debtor’s part to allow access to funds within his grasp. When Mrs. Pepitone’s right to support is balanced against Mr. Pepitone’s interest in maximizing his benefits, it is clear that her right must prevail. To hold otherwise would be to allow him, at his option, to withhold a sequestrable asset from her not only until he reaches normal retirement age (20 years hence) but also until he reached late retirement age (25 years). This would be inconsistent with his continuing support obligations.
That the possible detriment to Mr. Pepitone is of no consequence when measured against Mrs. Pepitone’s right may be illustrated by reference to a class of cases wherein creditors were allowed immediate access to debtor’s funds on deposit in Keogh tax-sheltered retirement accounts. Such access has been repeatedly allowed despite the severe penalties and tax consequences resulting to the debtor from premature withdrawal (Lerner v Williamsburg Sav. Bank, 87 Misc 2d 685; Sheehan v Sheehan, 90 Misc 2d 673). As the court pointed out in Lerner, the result of allowing invasion of the fund would not be regarded as a bar thereto.
For the foregoing reasons, sequestration of the pension fund is denied as premature. Mrs. Pepitone shall be allowed to renew the application when Mr. Pepitone reaches the age of 45, upon a showing that benefits are available to Mr. Pepitone, that the judgments remain outstanding and unsatisfied, that there is no other form of security avail *18 able to her, and that there are no other bars to sequestration. At that time, if sequestration is granted, she may compel Mr. Pepitone to exercise his option to elect early retirement.

. Section 16.2 of the Plan goes on to provide, in relevant part, that if “by reason of any attachment, garnishment or other proceedings or by reason of any order, finding, or judgment of court” the member’s interest would “vest in or be enjoyed by” some other person, the payment of benefits would cease.

. In National Bank of North Amer. v International Brotherhood of Elec. Workers Local No. 3 (69 AD2d 679), the Second Department went so far as to hold that general creditors also have access to pension payments despite the nonalienation clause. The Second Circuit in American Tel. & Tel. Co. v Merry (supra, p 124) took an opposing view, stating “The purpose of the proscription on alienation and assignment is to protect an employee from his own financial improvidence in dealings with third parties.” The lower court in Cody v Riecker (454 F Supp 22), likewise held that the alienation and assignment clause *15 prohibited all garnishments except those in family support situations. This was not discussed on appeal (594 F2d 314, supra).