Eli Wager, J.
The parties to this action were divorced by judgment dated January 28, 1976. As a consequence of the defendant’s default in making payments of alimony and child support required by the judgment, the plaintiff sued and obtained a money judgment in the District Court of Suffolk County in the amount of $6,209.90, which judgment was entered on April 7, 1977.
The plaintiff, as judgment creditor of the defendant, moves now by order to show cause to compel the Dime Savings Bank of New York as trustee of certain funds of the defendant to pay over to the Sheriff of Nassau County a sum sufficient to satisfy the judgment with interest. The Dime Savings Bank opposes this motion, asserting that it is a trustee of funds under an agreement with the defendant, which funds were deposited with the bank in a profit-sharing retirement plan authorized under the Employee Retirement Income Security Act of 1974 (ERISA) (US Code, tit 29, § 1001 et seq.). In common parlance this is a "Keogh plan” in which the defendant, judgment debtor, has deposited more that $9,000 to provide for his eventual retirement. Such funds afford the depositor an income tax deferment until withdrawn from the depositor, but not before age 59 Vi.
The bank alleges that a granting of the motion herein would subject the bank to a charge of violation of contract by the depositor beneficiary. Further, the bank argues that section 4975 of the Internal Revenue Code (US Code, tit 26) casts *674 the bank in the role of a "disqualified person” and subjects the bank to payment of additional taxes on such a turnover as a "prohibited transaction” (Internal Revenue Code, § 4975). The bank is clearly in error.
The reference in the Internal Revenue Code to a fiduciary such as the bank herein being a "disqualified person” and to the "prohibited transactions” which are detailed in the said Federal statutes (Internal Revenue Code, § 4975, subd [c]) are to prevent self-dealing and the commission of other intrinsically wrong acts by the trustees of such retirement funds. A direction from this court to the holder of such funds to pay over the same to a judgment creditor of the settlor cannot be considered a "prohibited transaction” by the fiduciary bank. The funds represent moneys due and payable to the settlor upon demand and are thus available for attachment by his creditors. (Pafumi v Bowery Sav. Bank, NYLJ, March 9, 1976, p 5, col 3; Lerner v Williamsburgh Sav. Bank, 87 Misc 2d 685, 689-690.)
The funds deposited with the bank by this self-employed accountant constitute a "self-settled trust”, i.e., funds voluntarily paid over by the depositor for his own ultimate benefit, revocable at will, and are thus not insulated from the creator’s creditors. (Fordyce v Fordyce, 80 Misc 2d 909, 913; see, also, Schenck v Barnes, 156 NY 316; EPTL 10-10.6.)
The Internal Revenue Code permits the depositor-beneficiary to withdraw the funds placed in trust with the bank at any time prior to age 59 ti, such early withdrawal being subject only to the payment of income tax at the time withdrawals are made. The concept of the Keogh Plan (Internal Revenue Code, § 401 et seq.) or the Individual Retirement Account Plan (IRA) (Internal Revenue Code, § 408) is simply to defer the payment of taxes on higher incomes earned during earlier more productive years of life, to a later period which presumably will find the taxpayer in a lower income tax bracket. At such time, the benefit to the taxpayer as he withdraws his own money from the depository, is the payment of taxes at lower rates on sums so withdrawn.
Clearly, the funds deposited by the defendant with the Dime Savings Bank are and remain funds of the defendant. No other person has any interest in such funds. Such funds are not beyond the reach of creditors of the defendant (EPTL 7-3.1; see, also, Marine Midland Bank v Long Is. Trust Co., Supreme Court, Nassau County, Feb. 17, 1977 [Young, J.], *675 Index No. 20395/76; Hallissey, Keogh Fund-Available to Creditors, NYSBA Family Law Section Newsletter, vol 9, No 1, March 1977).
Accordingly, the plaintiff’s motion is granted.