Jules L. Spodek, J.
Petitioner seeks a judgment against the respondent bank alleging that the bank is indebted to one Willig and his partnerships who are judgment debtors of petitioner to the extent of $6,500; that in turn, the bank holds deposits of these judgment debtors. The bank admits that as of September 16, 1977 it held assets of Mr. Willig totaling approximately $5,700. They maintain that the assets consist of shares held for Willig in a Dreyfus Fund Keogh Plan, and shares in Dreyfus Funds which are not Keogh Plan. Furthermore the bank records indicate that Willig is 62 years of age.
It is settled policy that creditors may resort to any of the *838 debtor’s property not protected by statute. The mere creation of a self-settled trust permitting a bank to hold the debtor’s property does not protect such property from the reach of creditors. Thus the funds held by the bank for the debtor’s own use and which are not protected by statute, may be reached by a creditor in enforcing his money judgment. (Schenck v Barnes, 156 NY 316; Dillon v Spilo, 250 App Div 543, affd 275 NY 275.)
Several statutes are involved herein.
EPTL 7-3.1 voids a self-settled trust created for the use of the creator of the trust, as against creditors. Clearly therefore, those funds of Willig held in individual accounts or subject to his direction are clearly subject to Willig’s judgment creditors.
EPTL 9-1.7 provides that a trust exempt from Federal income taxation must be irrevocable and nontransferable. Such a trust would be beyond creditor’s reach until such time as it has accomplished its purpose.
CPLR 5205 (subd [d]) also provides protection of a debtor’s assets from a creditor, but not by a self-settled trust for the settlor’s own benefit.
Thus, if a self-settled trust is subject to the settlor’s control and can be abrogated when the settlor wishes, it is subject tc reach by creditors. (Lerner v Williamsburg Sav. Bank, 87 Misc 2d 685.)
The bank is a custodian of a self-employed individual’s profit-sharing retirement plan (the "plan”) sponsored by the Dreyfus Fund. The issue before this court is whether the principal of this fund is reachable by creditors.
This particular fund provides that Willig may withdraw portions of the fund which he contributed upon certain notice and in certain amounts (the lesser of the aggregate amount of his contributions or the fair market value of the stock purchased with the aggregate amount of such contributions). Since Willig is age 62, under any circumstance he could terminate the plan without penalty after age 59 Vi and the funds are therefore subject to his control and subject to his abrogation.
Accordingly, the petition against the bank is granted herewith.