OPINION OF THE COURT
Rudolph U. Johnson, J.
Petitioner-plaintiff, Maria Kunzeck, by order to show cause seeks an order of this court directing, among other relief, the sequestration of defendant’s Felix Kunzeck’s interest in the retirement plan for shop employees of respondent, J. A. Keller Machine Co., Inc. (Keller).
Defendant, Felix Kunzeck, has defaulted herein. However, *608 respondent, Keller, has entered its objection to this request and argues that defendant has failed, to date, to make written application for "earlier retirement” benefits and, therefore, has no property interest which may be sequestered.
Respondent, Keller, in reliance on its business records, acknowledges that defendant is now 60 years of age and was in its employ for more than 10 years. In accord with the pension plan, defendant has thus established a vested interest in the plan and would otherwise be entitled to elect early retirement. Such early retirement does, however, reduce the benefit paid by .5% for each month by which the defendant’s "earlier retirement” preceeds his attaining the age of 65 — the normal retirement age. The plan further provides that retirement benefits for a married employee shall be a joint and survivor annuity paying to the surviving spouse one half the amount received by the retired employee. Neither the petitioner-plaintiff nor the respondent has been able to ascertain whether the defendant is alive or dead.
Petitioner-plaintiff maintains that New York courts have uniformly upheld the right (in appropriate cases) to sequester a defaulting husband’s pension payments. (American Tel. & Tel. Co. v Merry, 592 F2d 118; Cogollos v Cogollos, 93 Misc 2d 406; Matter of Wanamaker v Wanamaker, 93 Mise 2d 784; Matter of M. H. v J. H., 93 Misc 2d 1016.)
Additionally, plaintiff urges this court to draw an analogy between defendant’s right to request "earlier retirement” and those cases allowing attachment of certain self-employment pension benefits. (Lerner v Williamsburg Sav. Bank, 87 Misc 2d 685; Sheehan v Sheehan, 90 Misc 2d 673; Plymouth Rock Fuel Corp. v Bank of New York, 91 Misc 2d 837.)
While we have no disagreement with the holdings of the various decisions submitted by plaintiff for this court’s review, we cannot agree that they are here applicable. In the former decisions, all offending husbands had already claimed and, with but one exception, were receiving their pension benefits. They had, therefore, converted a mere right to elect into an actual property interest. In the latter decisions, the funds being subjected to attachment were originally the defendant’s property and had merely been placed on deposit or in trust by them. What is, therefore, missing in the present case is the requisite proprietary interest. (Rosenberg v Rosenberg, 259 NY 338; Patterson v Patterson, 251 App Div 272.)
While the sequestration statute (Domestic Relations Law, *609 §§ 233, 243) has been given broad application in order to afford family support relief it is, nevertheless, a drastic remedy and should only be allowed when the underlying facts are clearly within the statutory requirements.
Pension payments, which are bargained for employment benefits and which under respondent’s plan is wholly contributed to by respondent, do not accrue to either the plaintiff or defendant herein until the defendant elects early retirement or reaches the age of 65 or dies. None of these conditions has been factually established and we are, thus, constrained from granting petitioner-plaintiff her relief.
Petitioner-plaintiffs motion is, accordingly, denied without prejudice to renew at a later time and respondent is directed to forward an order in conformance with this decision.