**In re Robert C. TODD, et ux.**

**BANK OF DIXIE, Plaintiff,**

v.

**Herschel A. GENTRY, Defendant.**

**Bankruptcy No. 583–00158–M.**
**Adv. No. 583–0185.**

United States Bankruptcy Court,
W.D. Louisiana,
Monroe Division.

Feb. 24, 1984.

Joseph H. LeBeau, III, Monroe, La., for plaintiff.

Chet Harrod, West Monroe, La., for defendant.

## FINDINGS OF FACT

LeROY SMALLENBERGER, Bankruptcy Judge.

On July 21, 1975, Debtor, Robert C. Todd, established Individual Retirement Account Number 50–0062–9 at the Bank of Dixie, seeking to take advantage of the tax laws which provide favorable tax treatment to such accounts. On that day, Mr. Todd deposited with the Bank of Dixie, $1,500.00 to establish his Individual Retirement Account. Over the next several years, various deposits were made by Mr. Todd to this IRA account, interest paid, and withdrawals made therefrom. The present balance in Mr. Todd's IRA account is approximately $5,600.00.

In addition to maintaining an IRA account at the Bank of Dixie, Mr. Todd made loans at the Bank of Dixie and generally

carried on a credit business with the Bank. In this regard, on May 17, 1982, Mr. Todd executed a promissory note in the amount of Fifteen Thousand Five Hundred Forty Four and 96/100 ($15,544.46) Dollars, numbered 77–5889–8 payable to the order of Bank of Dixie. This promissory note was a renewal of two separate promissory notes, numbered 77–4841–8 and 77–49–33–3. This promissory note had a contractual maturity date of November 11, 1982. Mr. Todd expressly consented that upon the maturity of any indebtedness owed by him to the Bank of Dixie, the Bank of Dixie is permitted to apply any sums on deposit for the credit of Mr. Todd to the satisfaction of such matured indebtedness. No payments were ever made on this promissory note, and the entirety of said note remains due and unpaid.

On February 2, 1983, Mr. Todd instituted the above captioned bankruptcy proceedings pursuant to Chapter 7 of the U.S. Bankruptcy Code. On March 4, 1983, Bank of Dixie filed a proof of claim asserting amounts due it and certain security interests on the above described note, and other obligations. In said proof of claim, Bank of Dixie specifically set forth as security for its claim, the right of set off against the individual retirement account which had been established at the Bank of Dixie in the name of Mr. Robert C. Todd.

Thereafter, some time in May, 1983, Bank of Dixie received an order for turnover of the funds held by Bank of Dixie in the IRA account of Mr. Robert C. Todd. On June 10, 1983, Bank of Dixie, Plaintiff, instituted this adversary proceeding, objecting to the order for turnover, and seeking relief from the automatic stay to permit it to exercise its right of set off against the funds on deposit in said IRA account. Thereafter, upon joint stipulation of counsel for Plaintiff and Defendant, it was agreed that the funds on deposit in the IRA account of debtor would remain on deposit at Bank of Dixie, but would not be disbursed or otherwise disturbed except upon further order of this Court.

## CONCLUSIONS OF LAW

Plaintiff seeks to exercise a right of set off under 11 U.S.C. § 553 which provides in pertinent part as follows:

Except as otherwise provided in this Section and in Section 362 and Section 363 of this title, this title does not effect any right of a Creditor to off set a *mutual debt* owing by such Creditor to the Debtor that arose before the commencement of the case under this title against a claim of such Creditor against the Debtor that arose under the commencement of the case ... (emphasis added)

In determining an asserted right to set off under Section 553(a), it becomes necessary to determine what is meant by the phrase "mutual debt". The basic test is mutuality of obligation—something must be "owed" by both sides. *4 Collier on Bankruptcy* Sect. 553.04 at page 15. For purposes of determining a creditor's right to set off, "mutuality of obligation" means that the obligations must be between the same parties. *In re: Fulghum Const. Corp.,* 23 B.R. 147 (Bkrtcy.Tenn.1982). To allow set off, the Court must find that the claims of the parties are owing to and due in the same rights and capacity. *In re: Virginia Block Co.,* 16 B.R. 771 (Bkrtcy.Va. 1982).

The IRA Trust Agreement (See Exhibit "E") entered into by the plaintiff and Robert C. Todd, (hereinafter "Todd"), on July 21, 1975 and Section 408 A of the Internal Revenue Code clearly state that a trust has been created between the plaintiff and Todd. Section 408 and Exhibit E clearly state how the funds provided by Todd would be invested and deposited. The Bank of Dixie, as Trustee, is under a statutory and contractual fiduciary obligation to protect and invest Todd's funds.

Under Article 9, subpart 6 of Exhibit E, the IRA Account in question could not be the subject of any assignment in favor of the Bank of Dixie as Trustee or in favor of any other person, firm or entity (which would include the Bank of Dixie) to secure any amounts due and owing to it. Although the issue of the court can be clearly

resolved due to a lack of mutuality of debt, this contractual agreement between the Bank of Dixie as Trustee and Robert C. Todd would prevent the Bank of Dixie, either as Trustee of the trust or as a third part, from applying any sums in the IRA Account to the debt represented by the note introduced as Exhibit D. Section 408(e)(4) of the Internal Revenue Code provides:

"If during any taxable year of the individual for whose benefit an individual retirement account is established, that individual uses the account for any portion thereof as security for a loan, the portion so used is treated as distributed to that individual."

If the IRA is subject to set off, or otherwise considered pledged or held as security, it is immediately taxable as though paid out. Therefore, the Bank could never contract for an IRA account if that potential customer owed them money and signed a note containing language similar to that set forth in Exhibit D.

The plaintiff can not avail itself of 11 U.S.C. § 553 due to an absence of a mutual debt between the parties. While Todd was indebted to the Bank in the amount set forth in Exhibit D, the IRA was not an obligation from the Bank to Todd but was an obligation from the Bank of Dixie as Trustee to Todd. As stated above, the Court must find that the claims of the parties are owing to and due in the same right *and capacities.*

Exhibit E and Section 408 of the Internal Revenue Code clearly state that the Bank of Dixie received the funds on deposit in the IRA account as a Trustee, which created a fiduciary relationship between them and Todd.

"In general, where the liability of the one claiming a set off arises from a fiduciary duty or is in the nature of a trustee, the requisite mutuality of debts does not exist, and such person may not set off a debt owing from the debtor against such liability." *4 Collier on Bankruptcy Sect. 553.04 at page 26.* Thus,

"where a creditor receives money from his debtor, with instructions not to apply it on a debt, but to hold or use it for a specific purpose, the right to set off does not exist, because the creditor has become, not the debtor of his debtor, but the trustee of a specific trust." *Lehigh Valley Coal Sales Co. v. Maguire,* 251 F. 581 (7th Cir.1918).

In short, plaintiff can not avail himself of 11 U.S.C. § 553 since the debtor's debt is to the Bank of Dixie while the IRA allegedly subject to set off, is a debt from the Bank of Dixie as Trustee to the debtor. The plaintiff seeks to ignore the fact that it is wearing two hats and is not appearing in the same capacity in these obligations to and from the debtor.

Section 553 of the Bankruptcy Code does not apply to the facts before the Court. Plaintiff's complaint seeking relief to allow set off of the funds on deposit in the IRA account in the name of Robert C. Todd at the Bank of Dixie is denied, and the Bank of Dixie is hereby ordered to turnover said funds to the Trustee.