In re Thomas N. MASTROENI, Debtor.

Bankruptcy No. 85 B 20368.

United States Bankruptcy Court,
S.D. New York.

Jan. 23, 1986.

Michael H. Ganz, Hicksville, N.Y., for Mfrs. Hanover Trust Co.; Gail Siegel, of counsel.

Barbara Balaber-Strauss, New York City, Trustee and Atty. for trustee.

Martin Druyan, New York City, for Thomas N. Mastroeni.

## DECISION ON MOTION FOR AN ORDER TO VACATE THE AUTOMATIC STAY AND TO PERMIT SETOFF

HOWARD SCHWARTZBERG, Bankruptcy Judge.

Manufacturers Hanover Trust Company ("Trust Company") has moved for an order pursuant to 11 U.S.C. § 362(d) for relief from the automatic stay in order to permit Trust Company to offset monies deposited by the debtor in accounts maintained by him at several of its branches. The debtor, who voluntarily filed for relief under Chapter 7 of the Bankruptcy Code, and the trustee in bankruptcy in this case, oppose the motion on the ground that Trust Company is not entitled to employ the doctrine of offset against the debtor's accounts because they are Individual Retirement Accounts ("IRA accounts") maintained by Trust Company as a trustee for the debtor's benefit. Hence, it is argued by the debtor and the trustee in bankruptcy that there is an absence of the requisite mutuality of obligations and capacities to support an authorized offset pursuant to 11 U.S.C. § 553.

### FACTS

1. The basic facts are undisputed. The debtor filed his Chapter 7 petition with this court on July 25, 1985. He is presently employed as an officer of an international oil trading company. The trustee in bankruptcy was selected by the United States trustee and was authorized to act in this

case pursuant to this court's order dated September 9, 1985.

2. The debtor's schedules reflect that he owes $110,850 in unsecured debts, primarily as a result of borrowings from various banks in order to finance his stock market trading and to meet his personal needs.

3. The debtor's unsecured obligation to Trust Company was $12,547.62 when he filed his Chapter 7 petition.

4. The debtor's schedules reflect that he maintains accounts with Trust Company in the total amount of approximately $5,500. It is not clear whether these funds are in one or several branch locations maintained by Trust Company. In any event the parties agree that the only funds in dispute involve monies maintained in IRA accounts deposited by the debtor in accordance with Section 408(a) of the Internal Revenue Code (26 U.S.C. § 408(a)).

5. The debtor's IRA accounts with Trust Company were established on April 9, 1982 and February 4, 1983. The adoption agreement executed by the debtor and Trust Company on February 4, 1983 states that the debtor's then wife, Pamela Mastroeni, is the primary beneficiary and that his stepdaughter is the secondary beneficiary.

6. The custodial agreement between the debtor and Trust Company which governs the status of the debtor's IRA accounts and establishes Trust Company as the custodian of these accounts, states in pertinent part as follows:

> 4.3 At no time shall it be possible for any part of the assets in the IRA to be used for or diverted to purposes other than the exclusive benefit of the individual and his Beneficiary, except as required by law.

> 4.4 The assets in the IRA shall not be subject to involuntary attachment, garnishment, execution, levy, or other legal or equitable process, except by the Custodian for its fees and other expenses, and no attempt to cause such assets to be so subjected shall be recognized, except to the extent required by law.

ARTICLE V.

DISTRIBUTIONS

5.1 The Individual may at any time elect to receive distribution of all or part of the assets in the IRA with at least 30 days written notice to the Custodian (or such shorter period of time as permitted by the Custodian). A distribution under this section 5.1 may be made in a lump sum payment or, with the consent of the Custodian, in the form of monthly, quarterly or annual payments made over a period certain not extending beyond the life expectancy of the Individual or the joint life and last survivor expectancy of the Individual and his spouse.

## DISCUSSION

■■ The Trust Company's requested relief from the automatic stay imposed under 11 U.S.C. § 362 hinges on its right of offset against the debtor's IRA accounts maintained at its various branch offices. A creditor is authorized under 11 U.S.C. § 553(a) "to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case under [the Bankruptcy Code] against a claim of such creditor against the debtor that arose before the commencement of the case...." This doctrine of offset incorporates the concept that there first must exist a mutuality of obligations between the parties. The requisite mutuality of debts or credits means that the debts must be due and owing to and from the same persons in the same capacities. *Western Tie and Timber Co. v. Brown,* 196 U.S. 502, 25 S.Ct. 339, 49 L.Ed. 571 (1905); *Bulasky v. Federal Deposit Insurance Corporation,* 442 F.2d 341 (9th Cir.1971); *Bayliss v. Rood (In re West Virginia Industries Development Corporation* ), 424 F.2d 142, 147 (4th Cir. 1970); *Allegaert v. Perot,* 466 F.Supp. 516, 518 (S.D.N.Y.1978); *In re Schons,* 54 B.R. 665, 667 (Bankr.W.D.Wash.1985); *Togut v. Chemical Bank (In re Hecht),* 41 B.R. 701, 703 (Bankr.S.D.N.Y.1984); *Waldschmidt v. Columbia Gulf Transmission Company (In re Fulghum Construction Corp.),* 23

B.R. 147, 152 (Bankr.M.D.Tenn.1982). Where the liability of the party claiming the right of offset arises from a fiduciary duty or is in the nature of a trust, the requisite mutuality of debts or credits does not exist, so that such party may not offset against such liability a debt owing from the debtor stemming from a different relationship. *Bayliss v. Rood*, 424 F.2d at 147; *Fore Improvement Corporation v. Selig (In re Tru-Seal Aluminum Products Corp.)*, 278 F.2d 143, 145 (2d Cir.1960); *Allegaert v. Perot*, 466 F.Supp. at 518; *In re Schons*, 54 B.R. at 667.

The statute under which IRA accounts are established is 26 U.S.C. § 408. This section refers to the account as a trust created for an individual's benefit and states that the trust will be administered consistent with the requirements of the statute, including the requirement that the assets of the trust will not be commingled with other property except in a common trust fund or common investment fund. The pertinent statutory language reads in part as follows:

**408. Individual retirement accounts**

**(a) Individual retirement account.** —For purposes of this section, the term "individual retirement account" means a trust created or organized in the United States for the exclusive benefit of an individual or his beneficiaries, but only if the written governing instrument creating the trust meets the following requirements:

\*  \*  \*  \*  \*  \*

(2) The trustee is a bank (as defined in subsection (n)) or such other person who demonstrates to the satisfaction of the Secretary that the manner in which such other person will administer the trust will be consistent with the requirements of this section.

\*  \*  \*  \*  \*  \*

(5) The assets of the trust will not be commingled with other property except in a common trust fund or common investment fund.

\*  \*  \*  \*  \*  \*

**(h) Custodial accounts.**—For purposes of this section, a custodial account *shall be treated as a trust* if the assets of such account are held by a bank (as defined in subsection (n)) or another person who demonstrates, to the satisfaction of the Secretary, that the manner in which he will administer the account will be consistent with the requirements of this section, and if the custodial account would, *except for the fact that it is not a trust*, constitute an individual retirement account described in subsection (a). For purposes of this title, *in the case of a custodial account treated as a trust by reason of the preceding sentence, the custodian of such account shall be treated as the trustee thereof.*

(emphasis supplied).

The Trust Company argues that an IRA account is a self-settled trust whereby funds are deposited simply to defer the payment of taxes to a later period when the depositor may be in a lower income tax bracket. Under New York law an IRA account is revocable at will, although a penalty is imposed by the Internal Revenue Service for early withdrawal. *See* 26 U.S.C. § 408(f). The funds are subject to the depositors' absolute control and are not beyond the reach of creditors. The Trust Company correctly observes that self-settled IRA accounts and Keogh Plans may be reached by creditors of the depositor and are not protected by statute. *Bender v. The East New York Savings Bank*, N.Y. L.J. 8/20/84 p. 12 (Sup.Ct.N.Y.Co.1984); *Sheehan v. Sheehan*, 90 Misc.2d 673, 395 N.Y.S.2d 596, 597 (Sup.Ct. Nassau Co. 1977); *Plymouth Rock Fuel Corporation v. The Bank of New York*, 91 Misc.2d 837, 398 N.Y.S.2d 814, 815 (Civ.Ct. Kings Co. 1977); *aff'd*, 102 Misc.2d 235, 398 N.Y.S.2d 814 (App. Term, 2d Dep't 1979); *Lerner v. Williamsburg Savings Bank*, 87 Misc.2d 685, 386 N.Y.S.2d 906, 909 (Civ.Ct. Queens Co. 1976). Accordingly, Trust Company reasons that terms such as "trustee" or "fiduciary" are misleading when discussing the use of IRA accounts since they are not "trusts" in the pure meaning of the term

because they are subject to the unfettered control of the depositor and are created merely to give the depositor a tax deferral. Therefore, Trust Company asserts that as long as the depositor has the right to withdraw money from the IRA account at will, such IRA account should be treated in the same fashion as when a depositor opens a checking or savings account. Trust Company cites for this proposition *Ribaudo v. Citizens National Bank of Orlando*, 261 F.2d 929 (5th Cir.1958), where the court permitted a bank to offset against a so-called special payroll account on deposit because:

> The special payroll account was special in name only. It was not a trust or similar immobilized account. Segregation under that label was for the Bankrupt's convenience only and the funds were subject to its unlimited dominion.

261 F.2d at 933.

In the instant case it is true that the IRA account is not an immobilized account and the funds may be withdrawn by the debtor at will, subject to a tax penalty for early withdrawal. Nonetheless, the debtor's IRA account was designated for an agreed statutory special purpose when the debtor and Trust Company contracted in paragraph 4.4 of the custodial agreement that the funds in the debtor's IRA account "shall not be subject to ... legal or equitable process, except by the Custodian for its fees and other expenses ... except to the extent *required* by law." (emphasis added). The parties also expressly agreed that Trust Company would act as custodian for the debtor's IRA funds and would not divert the funds for any other purpose. Indeed, paragraph 4.3 of the custodial agreement specifically declares that the IRA funds will not be "diverted to purposes other than the exclusive benefit of the Individual and his Beneficiary, except as *required* by law." (emphasis added).

The courts have extended the bar against offsets beyond trust situations to cases involving special accounts deposited with banking institutions for agreed special purposes and have held that a bank may not exercise an offset against a deposit which is known by it to be dedicated to a special use, such as for the sole purpose of meeting payrolls or paying taxes. *United States v. Butterworth-Judson Corp.*, 267 U.S. 387, 394–95, 45 S.Ct. 338, 340, 69 L.Ed. 672 (1925); *Kaufman v. First National Bank of Opp, Alabama*, 493 F.2d 1070, 1072 (5th Cir.1974) (*reh. denied*); *First National Bank of Clinton v. Julian*, 383 F.2d 329, 337–38 (8th Cir.1967). Judge Friendly, in writing for the Second Circuit Court of Appeals, expressed the rationale for denying deposit offsets as follows:

> What this really means is that by accepting the deposit for a special purpose the bank has agreed, at least implicitly, that the deposit should not be subject to its claims against the depositor and that it will be held to such agreement.

*New Jersey National Bank v. Guttman (In re Applied Logic Corporation)*, 576 F.2d 952, 958 (2d Cir.1978). (Holding that a trustee in bankruptcy did not present sufficient evidence to show that a bank had agreed to relinquish its right of offset when it participated in a refinancing agreement with other creditors).

■ Thus, the debtor's search for a classic trust relationship in order to defeat Trust Company's proposed offset against his IRA accounts is unnecessary. Offset is barred not because of the absence of mutuality of obligations and capacities of the parties but because the parties expressly agreed to recognize the inviolability of the debtor's IRA account. However, those courts that have denied offset attempts by banks against IRA accounts have done so on the theory that the lack of mutual capacities of the parties prevents the application of an offset under 11 U.S.C. § 553. In *First State Bank of Monahans, Texas v. Holt (In re McDaniel)*, 41 B.R. 132 (Bankr. W.D.Tex.1984), the bankruptcy court held that a bank was disqualified from offsetting against the debtor's IRA account because the IRA account was "not an obligation from the bank to the debtor but is an obligation from the bank *as trustee* to the debtor" 41 B.R. at 133. Similarly, in

*Bank of Dixie v. Gentry (In re Todd)*, 37 B.R. 836 (Bankr.W.D.La.1984), the bankruptcy court precluded a bank from offsetting its claim against an IRA account because of the absence of a mutual debt between the parties. The IRA account "was not an obligation from the Bank to Todd but was an obligation from the Bank of Dixie as Trustee to Todd." 37 B.R. at 838. In any event, whether viewed in the context of a lack of mutuality of obligations and capacities, or as a special deposit agreement between a bank and its depositors that IRA accounts shall be treated as having been designated for a specific purpose and authorized by a federal statute, the end result is that such accounts should not be subject to offset.

### CONCLUSIONS OF LAW

1. The court has jurisdiction of the parties and the subject matter at issue pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157. This is a core proceeding in accordance with 28 U.S.C. § 157(b)(2)(6).

2. Trust Company's motion for an order pursuant to 11 U.S.C. § 362(d) for relief from the automatic stay in order to offset monies deposited by the debtor in IRA accounts by Trust Company is denied.

3. Trust Company may not offset its claims against the debtor's IRA accounts maintained by Trust Company. The written custodial agreement between Trust Company and the debtor precludes Trust Company from diverting by way of offset any of the debtor's IRA funds from the agreed special purpose for which the funds were deposited.

SETTLE ORDER on notice.