**In re Gregory Lynn KNEDLIK, and Beth Ann Knedlik, Debtors.**

**Bankruptcy No. 93–40994.**

United States Bankruptcy Court,
D. Kansas.

Oct. 18, 1995.

Terry D. Criss, Hampton Royce Engleman & Nelson L.C., Salina, Kansas, for Citizens Nat. Bank.

William E. Metcalf, Metcalf and Justus, Topeka, Kansas, for debtors.

John Foulston, United States Trustee, Wichita, Kansas.

## MEMORANDUM OF DECISION ON MOTION FOR POSTPETITION INTEREST BASED ON ASSERTED RIGHT OF SETOFF

JAMES A. PUSATERI, Chief Judge.

This case is before the Court on the motion of creditor Citizens National Bank to receive postpetition interest based on an asserted right of setoff. The debtors have objected to this request. Citizens National Bank appears by counsel Terry D. Criss. The debtors appear by counsel William E. Metcalf. The Court has examined the relevant facts, read the parties' briefs and is ready to rule.

### FACTS

The relevant facts are as follows. The Knedliks filed a Chapter 11 bankruptcy petition on June 18, 1993. At that time, the couple was indebted to Citizens National Bank (Citizens) which held second mortgages on real property owned by the Knedliks. Prior to the bankruptcy filing, the debtors commenced a lawsuit asserting a tort claim against Citizens in the District Court of Washington County, Kansas. Postpetition, Citizens obtained stay relief to pursue its counterclaims in that suit, including an asserted right to setoff. A jury found Citizens liable on March 24, 1995. A special verdict form showed the jury found that Citizens had breached a fiduciary duty, that the bank was negligent, and that both the breach and the negligence caused damages. The jury, however, awarded monetary damages only for Citizens' negligence and gave zero damages for the breach of fiduciary duty. This Court finds that the jury awarded zero damages for the breach of fiduciary duty because they concluded the same damages were caused by the negligence and the breach of fiduciary duty. They simply did not award a double recovery. The state court entered judgment in favor of the Knedliks on the claim and also reduced to judgment the Knedliks' prepetition debt to Citizens. At the time relevant to this order, the Knedliks owed a debt to Citizens based on loans granted to them prior to filing bankruptcy and Citizens owed a debt to the Knedliks based on a prepetition tort.

### ISSUE PRESENTED

Citizens seeks a setoff, effective on the day the debtors filed for bankruptcy, to reduce the debt the Knedliks owe by the amount of the state court judgment in their favor. The question presented is whether Citizens is entitled to postpetition interest based on a setoff of the two debts under 11 U.S.C.A. § 553, the effect of which, Citizens claims, would be to make it oversecured rather than undersecured, and therefore entitled to postpetition interest on the net amount due, pursuant to 11 U.S.C.A. § 506(a). The Court denies Citizens' motion because the parties involved lack the requisite mutuality to permit setoff under § 553 and because permitting the accrual of interest would unjustly enrich Citizens. The Court notes that Citizens also contends the value of the property securing its claim is sufficient to make it oversecured without regard to the debtors'

judgment against it. That assertion is not yet before the Court for resolution.

## DISCUSSION AND CONCLUSIONS OF LAW

### 1. Setoff Under Bankruptcy Code

 Citizens seeks to set off judgments in an effort to achieve oversecured status. "The common law doctrine of setoff, as recognized in section 553 of the Bankruptcy Code, grants a creditor the right 'to offset a mutual debt owed by such creditor to the debtor' so long as both debts arose before the commencement of the bankruptcy action and are indeed mutual." *In re Davidovich,* 901 F.2d 1533, 1537 (10th Cir.1990) *(citing § 553(a)).* "This mutual requirement mandates that the debts involved be between the same parties standing in the same capacity." *Id. (citing cases).* "Setoff is allowed in only very narrow circumstances in bankruptcy." *In re B & L Oil Co.,* 782 F.2d 155, 157 (10th Cir.1986).

The first issue, then, is whether both obligations arose prepetition. The Knedliks correctly conceded in their memorandum in opposition to motion for relief from stay that the obligations were prepetition, as evidenced by an analysis of the Bankruptcy Code. Debt is defined under the Bankruptcy Code as "liability on a claim." *11 U.S.C.A. § 101(12).* A claim is defined as "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured." *§ 101(5)(A).* The Knedliks became indebted to the bank when they borrowed the money and the debt matured at least when they filed for bankruptcy. *In re Kroh Bros. Develop. Co.,* 101 B.R. 114, 117 (Bankr.W.D.Mo.1989). Citizens became liable when it committed the tort. Both events transpired prior to the petition. The plain language of these definitions shows that Citizens is correct in asserting, and the Knedliks were correct in conceding, that both claims arose prepetition, although the claim against the bank was contingent at the time of the petition. Therefore the bank's setoff right, if any, also arose prepetition. *See In re Morristown Lincoln–Mercury, Inc.,* 42 B.R. 413, 417 (Bankr.E.D.Tenn.1984) *(holding that "Code § 553 does not prohibit setting off of a creditor's claim arising prepetition, unliquidated or unmatured as of the petition date, against a debtor's prepetition claim").*

 The second requirement for setoff is mutuality. This is the requirement Citizens cannot meet. "Courts strictly construe mutuality [citations omitted] to insure that a debtor's claim in one capacity is not setoff against a claim asserted by the party in a different capacity." *In re Lakeside Community Hosp., Inc.,* 151 B.R. 887, 891 (N.D.Ill. 1993). "Where the liability of the party claiming a right of offset arises from a fiduciary duty or is in the nature of a trust, the requisite mutuality of debts or credits does not exist, so that such party may not offset against such liability a debt owing from the debtor stemming from a different relationship." *In re Mastroeni,* 57 B.R. 191, 193 (Bankr.S.D.N.Y.1986).

The first obligation that is the subject of this potential setoff arose from a debtor-creditor relationship between the Knedliks and Citizens. The second obligation did not arise from the parties in the same capacities. The state court jury found that Citizens was negligent in its relationship with the Knedliks and that it breached a fiduciary duty to them. The jury found that both these wrongs Citizens damaged the Knedliks but itemized money damages only for the negligence. This means the jury found that the bank's actions constituted two kinds of torts, but both torts caused the same damages. The judgment, therefore, arose out of the breach of fiduciary duty. This means a debtor-creditor relationship gave rise to the first obligation and a fiduciary relationship gave rise to the other. Because the parties were not standing in the same capacities, there is not mutuality of obligations. Setoff will, therefore, be denied.

 As a final matter on the issue of setoff, the Court is obliged to address Citizens' argument that the Knedliks are bound by the stay relief order which permitted Citizens to pursue its state court counterclaims. This Court disagrees. That order was not a final judgment. Until an order is final, it "is

subject to revision at any time before the entry of judgment adjudicating all the claims and rights and liabilities of all parties." *Fed. R.Bankr.P. 7054(b).*

### 2. Equitable Concerns

■ Even if the Court believed Citizens were entitled to setoff and this setoff made it oversecured, Citizens' motion for postpetition interest would nevertheless be denied. The Court agrees with the debtors that permitting Citizens to obtain postpetition interest as a result of a judgment based on its negligence and breach of fiduciary duty would be inequitable.

Citizens argues that if it is oversecured, it has an "unqualified right" to postpetition interest under 11 U.S.C.A. § 506. This Court finds that the bank's reliance on *United States v. Ron Pair Enters,* 489 U.S. 235, 241, 109 S.Ct. 1026, 1030, 103 L.Ed.2d 290 (1989) for this rule is misplaced. In *Ron Pair,* the Supreme Court examined "the narrow statutory issue whether § 506(b) of the Bankruptcy Code [citations omitted] entitled a creditor to receive postpetition interest on a nonconsensual oversecured claim allowed in a bankruptcy proceeding." *Id.* at 237, 109 S.Ct. at 1028. In its analysis of § 506, which provides, "there shall be allowed to the holder of [an oversecured] claim, interest on such claim, and any reasonable fees, costs, or charges provided for under the agreement under which such claim arose," the Supreme Court noted that recovery of postpetition interest was "unqualified" while fees, costs, and charges were recoverable only if reasonable and provided for in the agreement under which the claim arose. *Id.* at 241, 109 S.Ct. at 1030. In holding that both nonconsensual and consensual lienholders who were oversecured could obtain postpetition interest, the Supreme Court did not say a creditor's right to postpetition interest was automatic or absolute. Instead, the decision was silent on the issue of equitable defenses to postpetition interest.

■ In the post-*Ron Pair* era, a bankruptcy court has the power to consider equitable concerns when deciding whether to permit postpetition interest on a claim. *In re*

*DeMaggio,* 175 B.R. 144, 149 (Bankr.D.N.H. 1994). That court explained:

> While there is a continuing dispute as to the *extent* of the bankruptcy court's discretion with regard to allowance of postconfirmation interest to oversecured creditors, most courts addressing the matter … have indicated that there remains some discretion in that area to consider the equities of the particular situation and an appropriate balancing.

*Id. Ron Pair* did not destroy the bankruptcy judge's power to "abate an award of postpetition interest to an oversecured creditor." *In re Lapiana,* 909 F.2d 221, 222 (7th Cir. 1990). The *Lapiana* court specifically noted that this equitable power remains applicable to section 506(b) claims. *Id.* at 223.

In this case, allowing postpetition interest would permit an injustice. By claiming setoff, Citizens looks to the Bankruptcy Code to help it profit from its wrongdoing. If Citizens were allowed interest as a result of the setoff which arose from its tortious behavior, Citizens would become better off in this bankruptcy case for having wronged the debtors. But for the tortious injury it inflicted on the debtors, Citizens could not assert a setoff right that would entitle it to postpetition interest. Citizens cannot be permitted to be enriched by its own wrongdoing. Had it not wronged the debtors, the bank might have been paid sooner or perhaps, as they assert, the debtors might have obtained alternate financing, something they have now done, without filing for bankruptcy at all. The bank should also not be able to obtain interest on the net amount due from the Knedliks based on the delay caused by the state court proceedings. *See In re Huhn,* 145 B.R. 872 (W.D.Mich.1992) *(upholding bankruptcy court's refusal to allow postpetition interest when creditor's actions caused delay).*

■ The Court notes that Citizens argues the debtors cannot rely on *Lapiana* to estop the bank from getting interest unless they show the bank was "guilty of affirmative misconduct." The bank misreads *Lapiana.* Affirmative misconduct need only be shown when a party seeks to estop the government. *Lapiana,* 909 F.2d at 223.

The Court concludes that Citizens' has no right to setoff under the Bankruptcy Code because the parties' debts lacked mutuality. Even if Citizens were granted a right to setoff, the Court would deny any postpetition interest resulting from setoff because, otherwise, Citizens would be unjustly enriched. For these reasons, the Court will enter judgment denying Citizens' motion for postpetition interest based on its asserted right of setoff.

The foregoing constitutes Findings of Fact and Conclusions of Law under Rule 7052 of the Federal Rules of Bankruptcy Procedure and Rule 52(a) of the Federal Rules of Civil Procedure. A judgment based on this ruling will be entered on a separate document as required by FRBP 9021 and FRCP 58.