## WYRZYKOWSKI *v.* BUDDS.

1. GARNISHMENT—FUNDS HELD BY PUBLIC AGENCIES—STATUTES.
   Statute subjecting corporations, the State and every county to being proceeded against as garnishees in the same manner and with like effect as individuals does not say that all property in the hands of such garnishees shall be subject to being reached by garnishment, notwithstanding any limitation or conditional nature of the holding by them (4 Comp. Laws 1948, § 628.46).

2. SAME—MUNICIPAL CORPORATIONS—PENSIONS—STATUTES.
   A city is not expressly barred from putting the condition of nongarnishability upon its nonassignable pensions for employees by virtue of statute subjecting corporations, the State and counties to garnishment the same as individuals (4 Comp. Laws 1948, § 628.46).

3. MUNICIPAL CORPORATIONS—PENSIONS—VESTED RIGHTS.
   A pensioner of a home-rule city may have no vested right in the pension fund.

4. SAME—PENSIONS—NONASSIGNABILITY.
   A pension to an employee may properly be created by provisions of charter of home-rule city as a nonassignable, noncontractual reward with a condition and characteristic of nongarnishability (Hamtramck Charter, chap. 13, §§ 1-3, 11, 14).

5. GARNISHMENT—STATUTES—MUNICIPAL PENSIONS.
   Money payable to pensioner of home-rule city, who had been pensioned under a nonassignable pension, is not money belonging to such person nor is the city indebted to him therefor within the meaning of the garnishment statute (4 Comp. Laws 1948, § 628.1).

REFERENCES FOR POINTS IN HEADNOTES .
[3] 40 Am. Jur., Pensions, § 24.

6. Same—Municipal Funds—Pensions.

>   Fact that moneys were transferred from home-rule city's
>   police pension fund to the payroll fund, checks prepared,
>   signed ready for delivery to the pensioner, did not change
>   the character of the moneys represented thereby so as to
>   make garnishable that which was nongarnishable thereto-
>   fore, where checks were labelled as pension money and were
>   yet unpaid (Hamtramck Charter, chap. 13, §§ 1–3, 11, 14).

Appeal from Wayne; Ferguson (Frank B.), J. Submitted April 12, 1949. (Docket No. 62, Calendar No. 44,274.) Decided May 18, 1949.

Garnishment proceedings by Mary Wyrzykowski against Charles F. Budds, principal defendant, and City of Hamtramck, garnishee defendant. Judgment for defendants. Plaintiff appeals. Affirmed.

*Harry J. Lippman,* for plaintiff.

*Julian F. Russell,* for principal defendant.

*Stanley J. Draganski,* for garnishee defendant.

Reid, J. Plaintiff obtained judgment against the principal defendant on March 27, 1947, for $15,200 damages and $179.50 costs. From such judgment no appeal was taken and we are concerned only with the garnishment proceeding instituted after judgment.

Plaintiff caused several writs of garnishment to be issued against the city of Hamtramck as garnishee defendant to obtain satisfaction of the judgment in part from instalments of a retirement pension accruing to the principal defendant from the pension fund of the defendant city. Defendant city filed a disclosure and answer denying liability but admitting the accrual of the total amount of $206.25 as "police disability pension benefits," and claiming that said

amount and any further subsequent amounts that may be due thereafter, as police disability pension benefits, are exempt from the garnishment proceeding and other legal process, and setting forth the history of the police pension benefits as provided by the charter of the city of Hamtramck.

On trial of the statutory issue, the trial court quashed the writs of garnishment and entered judgment of no cause of action as against the garnishee defendant.

The principal defendant, Charles F. Budds, after more than 18 years' faithful service as a police officer of the city of Hamtramck, was, upon his application, in accordance with chapter 13, §§ 1, 2 and 3 of the amended charter of the city of Hamtramck, retired for disability. The retirement was approved by resolution of the common council of the city of Hamtramck, June 27, 1944. Thereafter, defendant Budds became entitled to pension benefits at the rate of $68.75 every 2 weeks, payable from the pension fund. This fund was derived through taxation, collection of fines, emoluments, and 5 per cent. deductions from the pay of the police officer under chapter 13, § 11 of the city charter. It appears that defendant Budds was on such retirement when the judgment beforementioned was rendered against him. The writs of garnishment in this cause were served after the pension allowances had been deducted for the periods covered from the police pension fund, and after the redeposit of those funds to the payroll fund of the city treasurer and after the issuance of checks (marked as pension checks) to the pensioner, drawn on the payroll fund, and before the delivery of such checks to the pensioner, defendant Budds.

Plaintiff brings her garnishment against the city of Hamtramck under 4 Comp. Laws 1948, § 628.46 (Stat. Ann. § 27.1900), which section in part is as follows:

"All corporations of whatsoever nature, the State of Michigan and every county therein, may be served and proceeded against as garnishees *in the same manner and with like effect as individuals* under the provisions of this chapter and the rules of law relative to proceedings against corporations." (Italics supplied.)

The section of the charter of the city of Hamtramck under which defendant city claims the benefits in question are exempt from garnishment or other legal process, being chapter 13, § 14, is as follows:

"No moneys owed to any disabled or retired person described in this chapter or his widow or to his children or dependents, shall be *held, seized, taken or detained, or levied on by virtue of attachment, execution, injunction, writ, interlocutory or other order or decree or any process or proceeding whatever issued out of any court of this State for the payment of satisfaction in whole or in part of any debt, damages, claim, demand or judgment, against any such person described in section 1* of this chapter, guardian of any minor child or children, dependent parents of any deceased firemen, policemen, or member of the police-signal and fire-alarm systems. And *no pensioner shall* have the right to *assign, his or her pension or any part thereof.* But said money shall be sacredly held, kept, secured and distributed, for the purpose of pensioning the persons named and for no other purposes whatever." (Italics supplied.)

Plaintiff claims that this provision of the charter of the defendant city contravenes the statute of the State, 4 Comp. Laws 1948, § 628.46, above cited. While writ of garnishment is not expressly named in the quoted section of the charter, the section is so worded as to prevent garnishment of the pension moneys. The 2 defendants, garnishee and principal,

both contend that the quoted section of the city charter was well within the power of the city to enact.

The quoted statute, 4 Comp. Laws 1948, § 628.46, does not say that all property in the hands of corporations, of the State, or of the counties, shall be subject to being reached by garnishment notwithstanding any limitation or conditional nature of the holding by the corporations, the State or the counties. That statute does not change in any manner the nature of the ownership or holding of the property nor declare an expectancy to be an absolute ownership of funds. It merely places the corporations, the State and the counties in a position where they are subject to being made garnishee defendants the same as individuals. The quoted statute, 4 Comp. Laws 1948, § 628.46, does not expressly declare that the city may not put the condition of nongarnishability upon its nonassignable reward.

"The rule of public policy which subjects a debtor's property to the payment of his debts, does not subject the property of a donor to the debts of his beneficiary, and does not give the creditor a right to complain that, in the exercise of his absolute right to disposition, the donor has not seen fit to give the property to the creditor, but has left it out of his reach." *Broadway National Bank* v. *Adams,* 133 Mass. 170, 174 (43 Am. Rep. 504).

To like effect see *Smith* v. *Towers,* 69 Md. 77 (14 Atl. 497, 15 Atl. 92, 9 Am. St. Rep. 398).

As to legacies protected by the testator from garnishment, see *Beck's Estate,* 133 Pa. 51 (19 Atl. 302, 19 Am. St. Rep. 623) ; also, *Holmesburg Bldg. Association* v. *Badger,* 144 Pa. Super. 65 (18 Atl. [2d] 529) ; 38 C. J. S. § 112, page 320.

We have heretofore held in the following cases that the pensioner had no vested right in the pension fund. *Van Coppenolle* v. *City of Detroit,* 313 Mich. 580; *Brown* v. *City of Highland Park,* 320 Mich. 108.

The pension in the case at bar partakes of the nature of a reward and is noncontractual and nonassignable. The city of Hamtramck (a home-rule city) has a lawful right to create as a reward a nonassignable, noncontractual pension with a condition and characteristic of nongarnishability.

For the purposes of construing the garnishment statute, 4 Comp. Laws 1948, § 628.1 (Stat. Ann. § 27.1855), such pension is not money belonging to the principal defendant, nor is the city justly indebted to the principal defendant therefor in view of the city charter in question.

In the case of *Bowler* v. *Nagel*, 228 Mich. 434 (37 A. L. R. 1154), relied on by plaintiff, no point was raised nor discussed as to nongarnishability of Bowler's pension. The sole issue in the *Bowler Case* was the validity of the ordinance of the city of Detroit setting up the pension system for civil employees.

Plaintiff claims that the moneys having been transferred from the police pension fund to the payroll fund, and the checks prepared, signed ready for delivery to the pensioner, the character of the moneys represented in the checks had been changed. We find that the whole process of transferring of the various funds and signature of the checks against the funds has not divested the money of its character. It is still pension money labelled as such on each check, unpaid to the retired pensioner, the principal defendant, and by virtue of the charter is not subject to garnishment.

That the pension should be exempt from garnishment is of great importance to the city of Hamtramck in making an assured reward for the benefit of deserving pensioners in advanced age incapacitated from performing their duties. The city has an undoubted right to provide against the incapacitated officer being in destitution and to that end

that he should have a pension reasonably commensurate with his properly anticipated needs and free from garnishment. The existence of the pension fund is a well-recognized incentive to faithful discharge of duties during the period of active service.

The city of Hamtramck had the lawful right to and did safeguard against attack by writ of garnishment or other process, the pension of disabled and retired pensioners. The order appealed from quashed the writs of garnishment. The order is affirmed. Costs to defendants.

SHARPE, C. J., and BUSHNELL, BOYLES, NORTH, DETHMERS, BUTZEL, and CARR, JJ., concurred.