In re Joseph L. BRADEN, Debtor.

Basil T. SIMON, Trustee, Plaintiff,

v.

Joseph L. BRADEN, and Teachers Insurance and Annuity Association, College Retirement Equities Fund, Defendants.

Bankruptcy No. 84–01052–R.
Adv. No. 85–0634–R.

United States Bankruptcy Court,
E.D. Michigan, S.D.

Jan. 13, 1987.

Kenneth Schneider, Detroit, Mich., for plaintiff.

Gerald Rosen, Detroit, Mich., David Goldstein, Ann Arbor, Mich., for defendants.

SUPPLEMENTAL MEMORANDUM OPINION GRANTING THE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

STEVEN W. RHODES, Bankruptcy Judge.

This adversary proceeding was brought by Basil T. Simon, the Chapter 7 trustee, against Joseph L. Braden, the debtor, the Teachers Insurance and Annuity Association (TIAA), and the College Retirement Equities Fund (CREF). The latter two defendants are holding approximately $133,-000 in annuity and retirement plans for the debtor, who is a professor at Eastern Michigan University. Count I of the complaint alleges that this sum is property of the estate, and seeks an order requiring that the defendants turn over this sum to the trustee.

Initially the parties disagree as to whether the debtor's rights under these plans constitute property of the estate under section 541(a)(1). This section provides:

(a) The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held:

(1) Except as provided in subsections (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of the case.

The Court concludes that it is unnecessary to determine whether the debtor's

rights under those plans constitute property of the estate under 11 U.S.C. § 541(a)(1), in light of its conclusion that section 541(c)(2) mandates a judgment in favor of the defendant.

11 U.S.C. § 541(c)(2) provides:

A restriction on the transfer of the beneficial interest of a debtor in a trust that is enforceable under applicable non-bankruptcy law is enforceable in a case under this title.

The application of this section raises three issues: (a) whether the debtor's interest is a beneficial interest in a trust; (b) whether there is a restriction on the transfer of that beneficial interest; and (c) whether that restriction is enforceable under non-bankruptcy law.

Initially, there is no dispute here that the debtor's interest is a beneficial interest in a trust. The TIAA Retirement Annuity contract and the CREF Retirement Annuity certificate specifically provide that this beneficial interest is the right to receive these future payments upon the occurrence of certain events, such as termination of employment, death or retirement.

Further, there can be no dispute as to whether there is a restriction on the transfer of that beneficial interest, or as to the extent of that restriction. The affidavit of James Latch of Eastern Michigan University and the plan documents clearly indicate that there is a complete restriction on the transferability of the debtor's beneficial interest in these plans. Simply stated, the debtor has no right to make any kind of assignment or transfer of his future rights in these plans.

Thus, the final issue is whether this restriction is enforceable under applicable non-bankruptcy law. The Court concludes that these restrictions would be completely enforceable under applicable non-bankruptcy law. The trustee has suggested nothing to the Court otherwise and the authority cited by the defendants under "applicable non-bankruptcy law," which pursuant to the plan documents is the law of the State of New York, fully supports their contention that the anti-alienation, garnishment, and assignment provisions are enforceable. *Alexandre v. Chase Manhattan Bank, N.A.*, 403 N.Y.S.2d 21, 61 A.D.2d 537 (1978). Accordingly, the Court holds that the application of 11 U.S.C. § 541(c)(2) mandates summary judgment for the defendants.

The parties have cited and discussed numerous cases on these issues. However, experience suggests that the prime conclusion to be drawn from these cases is that each case must be evaluated on its own facts. Different retirement plans have varying provisions regarding alienation and transferability. Thus, to conclude that one case should dictate the results in another case is inappropriate.

Specifically, the Court concludes that the appellate cases cited by the trustee are substantially distinguishable from the present case, because they deal with different kinds of retirement plans created in different circumstances with different provisions. For example, *Lichstrahl v. Bankers Trust*, 750 F.2d 1488 (11th Cir.1985) involved two pension plans which the debtor created for himself through his professional association; the court held that the debtor's interest in these plans were not excluded from the bankruptcy estate because plan restrictions were not enforceable under applicable non-bankruptcy law. *See also Samore v. Graham*, 726 F.2d 1268 (8th Cir.1984), and *In the Matter of Goff* (*Goff v. Taylor*), 706 F.2d 574 (5th Cir. 1983), involving a self-employed retirement trust (a Keogh Plan). Although it serves no purpose to address all the distinctions in all these cases, it is somewhat helpful to note that there is language in some of those cases which foresees this particular case, but which nevertheless is dicta. *See* e.g., *In re Goff*, 706 F.2d at 589. *See also In the Matter of LaFata*, 41 B.R. 842, 843 (Bankr.E.D.Mich.1984).

A case which is on point and which supports the defendants' position is *Bentz v. Sawdy*, 49 B.R. 383 (Bankr.W.D.Pa.1985).

Finally, the Court draws some support for its conclusion that the defendants are entitled to summary judgment in the prac-

tical problems which would result from the opposite conclusion. *See In re Miller*, 33 B.R. 549, 553 n. 11 (Bankr.D.Minn.1983).

Accordingly, the Court grants summary judgment in favor of the Plans on Count I of the complaint.