In re Steven L. JOHNSON and Wanda O. Johnson, Debtors.

A. Frank BARON, Trustee, Plaintiff,

v.

KODAK RETIREMENT INCOME PLAN, Defendant.

Bankruptcy No. X87–00359S.

Adv. No. X88–0026S.

United States Bankruptcy Court, N.D. Iowa, W.D.

Aug. 11, 1989.

Wil Forker, for plaintiff.

Craig Raby and William Thomas, for defendant.

P.D. Furlong, for debtors.

## MEMORANDUM AND ORDER RE: MOTIONS FOR SUMMARY JUDGMENT

WILLIAM L. EDMONDS, Bankruptcy Judge.

The plaintiff-trustee commenced an adversary proceeding asking the court to require the defendant, "Kodak Retirement Income Plan", to turn over the value of the debtor's interest in the plan. Motions for summary judgment were filed by plaintiff and defendant. After hearing, the court entered an order on January 9, 1989 concluding that the debtor's interest in the Kodak Retirement Income Plan was property of his bankruptcy estate. However, the court also concluded that the issues of the exact nature of the interest and when it

should be turned over would have to be determined by trial.

The defendant appealed. On July 6, 1989, the Honorable Donald E. O'Brien remanded the proceeding so that this court might reconsider its ruling in light of the recent precedent in *Humphrey v. Buckley (In re Swanson)*, 873 F.2d 1121 (8th Cir. 1989). The court has given the parties the opportunity to file supplemental briefs.

## BACKGROUND

The debtors, Steven and Wanda Johnson, filed their joint voluntary petition under chapter 7 of the Bankruptcy Code on February 17, 1987. On their schedule B-4, they claimed as exempt Steven's interest in a Kodak Retirement Plan.

Steven (JOHNSON) was employed by the Eastman Kodak Company (KODAK) until April 25, 1986. He was a participant in Kodak's Retirement Income Plan. Kodak provides retirement benefits to all of its employees through the plan.

Kodak made all contributions to the plan which compose Johnson's interest. Johnson made none. The plan entitles the debtor to monthly benefits of $443.38 beginning at age 65 or, at his election, to monthly payments of $221.69 beginning at age 55. The debtor will not attain the age of 55 until 1993. The amount payable to the debtor is not changeable.

Prior to the time a plan beneficiary reaches the age of 55 or 65, he or she may obtain funds from the plan only under limited circumstances. These circumstances include payments pursuant to a qualified domestic relations order or for the purpose of paying group life insurance premiums.

The debtor's interest in the plan has vested. The present cash value of the plan is $18,338.43, predicated on payments beginning at age 65.

The plan was designed by Kodak to comply with the provisions of the Internal Revenue Code as required by the Employee Retirement Income Security Act (ERISA).

## DISCUSSION

■ The court, in its earlier decision, determined that the plan was property of Johnson's bankruptcy estate. The court concluded that the fact that the ERISA plan may contain an anti-alienation provision was not relevant since ERISA plans could not be "traditional spendthrift" trusts. This decision was reached based on its analysis of *Samore v. Graham (In re Graham)*, 726 F.2d 1268 (8th Cir.1984). The Circuit Court's recent decision of *Humphrey v. Buckley (In re Swanson)*, 873 F.2d 1121 (8th Cir.1989) requires a different approach. Based upon the *Swanson* decision, this court must determine whether the plan is a spendthrift trust under applicable state law. If it is, it is excluded from the bankruptcy estate by the force of 11 U.S.C. § 541(c)(2).

■ Property of the estate includes: "[A]ll legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). The scope of § 541 is intended to be broad. *U.S. v. Whiting Pools*, 462 U.S. 198, 103 S.Ct. 2309, 2313, 76 L.Ed.2d 515 (1983). However, "A restriction on the transfer of beneficial interest of the debtor in a trust that is enforceable under applicable non-bankruptcy law is enforceable in a case under this title." 11 U.S.C. § 541(c)(2). This type of restrictive trust is not property of the estate. By 11 U.S.C. § 541(c)(2), Congress intended to preserve the status of the traditional spendthrift trust as recognized by state law. *Samore v. Graham (In re Graham)*, 726 F.2d 1268, 1271 (8th Cir.1984).

■ The "applicable non-bankruptcy law" in this case is the law of the State of New York. The plan states: "The Plan will be construed, administered, and enforced in accordance with the laws of the State of New York, except as such laws are superseded by ERISA" (exhibit A, section 16.3). Since the trust was created in New York by a New York company, the law of New York measures whether it is a valid spendthrift trust. *McCracken v. Manufacturers Hanover Trust Co. (In re Vogel)*, 16 B.R. 670, 672 (Bankr.S.D.Fla.1981).

"In general terms, a spendthrift trust is one in which the right of the beneficiary to future payments of income or capital cannot be voluntarily transferred by the beneficiary or reached by his or her creditors...." *Samore v. Graham (In re Graham)*, 726 F.2d 1268, 1271 (8th Cir.1984) citing 2 A. Scott, *The Law of Trusts*, Section 151 (3rd Edition 1967); G. Bogert, *Handbook of the Law of Trusts*, Section 40 (5th Edition 1973).

The court in *Simon v. Braden (In re Braden)*, 69 B.R. 93 (Bankr.E.D.Mich. 1987), applying New York law, noted that the application of § 541(c)(2) raises three issues:

(a) Whether the debtor's interest is a beneficial interest in a trust;

(b) Whether there is a restriction on the transfer of that beneficial interest; and

(c) Whether that restriction is enforceable under non-bankruptcy law.

*Braden* at 94. *See also In re Montgomery*, 104 B.R. 112, 115 (Bankr.N.D.Iowa 1989).

The case trustee does not dispute that Steven Johnson has a beneficial interest in a trust. The plan is a defined benefit pension plan which qualifies under Internal Revenue Code §§ 401(a) and 501(a). The plan provides for a specified or defined benefit payable to the participant at a certain time, such as normal retirement date. (Affidavit of Martin B. Bael, filed July 5, 1988.)

The transferability of the debtors' beneficial interest is restricted by the terms of the plan. The plan provides:

No benefit under this plan shall be subject in any manner to voluntary or involuntary alienation, anticipation, sale, transfer, assignment, pledge or an encumbrance, nor to seizure, attachment or other legal process for the debts of a participant or a beneficiary, except the trustee shall honor:

(a) written instructions from a participant or beneficiary receiving benefit payments under the plan to pay up to 10% of such benefit payments to any insurance

company in payment of premiums for the purchase of group life insurance on the life of such participant or beneficiary, until such instructions are revoked or modified by such participant or beneficiary; and

(b) "qualified domestic relations orders" issued and served in accordance with section 414(p) of the Internal Revenue Code.

(Exhibit A, section 16.1). This provision prevents the debtor from transferring or assigning his future interest in the plan. He has no ability to obtain any benefits under the plan until he reaches the age of 55 *and* terminates employment or until he dies (Exhibit A, Article 11). The normal retirement age for Kodak employees is age 65. However, if the plan participant-employee desires to retire at age 55, he or she may receive 50% of the normal retirement benefits.

While the debtor's interest in the plan has vested, it is important that the debtor's resignation from Kodak did not clothe him with a right to obtain any early distribution under the plan. The debtor must wait until at least the age of 55 to obtain any payments. The debtor's ability to obtain contributions upon termination of employment was an important factor in the circuit court's recent determination that the statutory retirement fund was not a spendthrift trust under Minnesota law. *Humphrey v. Buckley (In re Swanson)*, 873 F.2d 1121 (8th Cir.1989). The court held in *In re Swanson* that the ability of the debtors to obtain their contributions upon termination of employment was, although limited, "inimical to the policies underlying the spendthrift trust." *Swanson* at 124.

■ New York law contains statutory provisions relating to spendthrift trusts. New York's Civil Practice Law and Rule (CPLR) § 5205(c) provides:

(c) Trust Exemption.

1. Except as provided in paragraphs three and four of this subdivision, any property while held in trust for a judgment debtor, where the trust has been created by, or the fund so held in trust has proceeded from, a person other than

the judgment debtor, is exempt from application to the satisfaction of a money judgment.

2. For purposes of this subdivision, any trust, custodial account, annuity or insurance contract established as part of either a Keogh (HR–10) plan or a retirement plan established by a corporation, which is qualified under section 401 of the United States Internal Revenue Code of 1986, as amended, shall be considered a trust which has been created by or which has proceeded from a person other than the judgment debtor, even though such judgment debtor is (i) a self-employed individual, (ii) a partner of the entity sponsoring the Keogh (HR–10) plan, or (iii) a shareholder of the corporation sponsoring the retirement plan.

3. This subdivision shall not impair any rights an individual has under a qualified domestic relations order as that term is defined in section 414(p) of the United States Internal Revenue Code of 1986, as amended.

4. Additions to an asset described in paragraph two of this subdivision shall not be exempt from application to the satisfaction of a money judgment if (i) made after the date that is ninety days before the interposition of the claim on which such judgment was entered, or (ii) deemed to be fraudulent conveyances under article ten of the debtor and creditor law.

The language of CPLR § 5205(c) indicates that a trust would not be exempt from the claims of judgment creditors if the beneficiary of the spendthrift trust was also the settlor. *Vanderbilt Credit Corp. v. Chase Manhattan Bank*, 473 N.Y.S.2d 242, 245, 100 A.D.2d 544 (App.Div.1984).

■ Another provision of the New York Code also relates to the creation of self-settled trusts. That section provides:

(a) A disposition in trust for the use of the creator is void as against the existing or subsequent creditors of the creator.

(b)(1) For purposes of paragraph (a) of this section, a trust, custodial account, annuity or insurance contract established

as part of either a Keogh (HR–10) plan or a retirement plan established by a corporation, which is qualified under section 401 of the United States Internal Revenue Code of 1986, as amended, shall not be considered a disposition in trust for the use of the creator, even though the creator is (i) a selfemployed individual, (ii) a partner of the entity sponsoring the Keogh (HR–10) plan, or (iii) a shareholder of the corporation sponsoring the retirement plan; provided, however, that nothing in this section shall impair any rights an individual has under a qualified domestic relations order as that term is defined in section 414(p) of the United States Internal Revenue Code of 1986, as amended.

(2) Additions to an asset described in subparagraph one of this paragraph shall not be exempt from application to the satisfaction of a money judgment if (i) made after the date that is ninety days before the interposition of the claim on which such judgment was entered, or (ii) deemed to be fraudulent conveyances under article ten of the debtor and creditor law.

N.Y. Est. Powers & Trust Law § 7–3.1 (McKinney 1988). This statute codifies the rule that a property owner cannot utilize a spendthrift trust to insulate his assets from the reach of present or future creditors. *Vanderbilt Credit Corp. v. Chase Manhattan Bank*, 473 N.Y.S.2d 242, 100 A.D.2d 544 (App.Div.1984).

■ Johnson has made no contributions to the Kodak retirement plan. All contributions were made by Kodak. The beneficiary and the settlor of the trust are not the same. The New York courts would not regard an employee's contribution to a retirement plan as making a plan self-settled in nature. *Fordyce v. Fordyce*, 80 Misc.2d 909, 365 N.Y.S.2d 323 (Sup.Ct.1974).

■ The bankruptcy trustee argues that the debtor created his own interest in the ERISA pension plan because it was part of his compensation as a Kodak employee. This, he contends, makes the plan self-settled. The court has been unable to find any cases directly relating to this issue. However, in *Laborers Union Local 1298 of Nassau & Suffolk Counties Vaca-*

*tion Fund v. Frank L. Lyon & Sons, Inc.*, 66 Misc.2d 1042, 323 N.Y.S.2d 229 (Sup.Ct. 1971), the court concluded that vacation benefits which were held in a vacation trust fund established by a collective bargaining agreement, were to be treated as a trust interest and not as earnings.

Adoption of the plaintiff's argument would eliminate any employer's pension plan from classification as a traditional spendthrift trust. This court declines to adopt such a rule.

The court concludes that the restrictions stated in the retirement plan are enforceable under New York state law. Since the retirement plan is a spendthrift trust, it is excludable from the bankruptcy estate under 11 U.S.C. § 541(c)(2). *In re Swanson*, 873 F.2d 1121, 1123 (8th Cir.1989). *See also In re Montgomery*, 104 B.R. 112 (Bankr.N.D.Iowa 1989).

It is important to note that this decision is based entirely upon New York law. If the retirement plan was governed by another state's law, the decision might not be the same. The scope of section 541 is intended to be broad and the exception contained in 11 U.S.C. § 541(c)(2) will be narrowly construed by this court.

### CONCLUSION OF LAW

This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(B), (E).

The debtor's interest in the Kodak Retirement Income Plan is not property of the bankruptcy estate. The trustee has no rights to the debtor's interest in the Kodak Retirement Income Plan.

### ORDER

IT IS ORDERED that the defendant's motion for summary judgment is granted.

IT IS FURTHER ORDERED that the plaintiff's motion for summary judgment is denied.

IT IS FURTHER ORDERED that the plaintiff's complaint is dismissed.

SO ORDERED.