**In the Matter of William Nelson FINK, Debtor.**

**Bankruptcy No. BK91–41705.**

United States Bankruptcy Court, D. Nebraska.

Jan. 15, 1993.

Robert Metcalf, Washington, DC, U.S. Dept. of Justice–Internal Revenue Service.

Ronald Hunter, Omaha, NE, for debtor.

## MEMORANDUM

JOHN C. MINAHAN, Jr., Bankruptcy Judge.

Before the court is the Debtor's Objection to Motion to Allow Claims of the IRS and the Nebraska Department of Revenue; the Resistance by the IRS; and the Objection to Plan by the IRS. The dispute centers on whether debtor's retirement annuity, which is not Erisa-qualified, is property of the bankruptcy estate. I conclude that the annuity is not property of the estate under § 541(c)(2). The objection to motion to allow claims is sustained and the objection to plan is denied.

## FINDINGS OF FACT

On November 7, 1991, the Debtor filed a Chapter 13 petition. The Debtor listed an interest in a retirement plan annuity issued by Teachers Insurance and Annuity Association of New York (TIAA) on his schedules. The value of the Debtor's TIAA annuity contract was $40,610.22 as of the petition date. The TIAA annuity contract is not Erisa-qualified.

The Debtor has been employed by Metropolitan Community College since January of 1975. The annuity was purchased by Metropolitan Community College pursuant to a mandatory retirement program established by the Board of Governors of the College. The Debtor's employer contributes 50 percent of the premiums to fund the annuity and requires the Debtor to contribute the other 50 percent. Contributions have been made to the annuity each year since it was established in 1975.

On December 23, 1991, the IRS filed a proof of claim for income taxes in the Debtor's Chapter 13 case. The proof of claim stated that the IRS had a secured claim in the amount of $59,861.51 as of the petition date. This claim arose from unpaid tax assessments made against the Debtor for the tax years 1984, 1985 and 1986. A Notice of Federal Tax Lien was duly filed with the Register of Deeds for Douglas County, Nebraska, on February 2, 1989. On December 24, 1991, the United States filed an objection to confirmation because the plan did not provide for full payment of the IRS' secured claim. The Debtor objected to the proof of claim of the United States on May 26, 1992, arguing that the allowed secured claim of the United States in bankruptcy was not secured by the TIAA annuity contract since the annuity is not property of the bankruptcy estate pursuant to 11 U.S.C. § 541(c)(2). In addition, the Debtor asserted that the claim of the United States is not fully secured under § 506. The Debtor also objected to the proof of claim filed by the Nebraska Department of Revenue, contending that it is junior in priority to the claim of the United States and therefore unsecured. The United States filed a resistance to the Debtor's objection on June 19, 1992.

## DISCUSSION

Under § 506(a), the tax claim of the United States can only be classified as secured if it is secured by a "lien on property in which the estate has an interest." The critical question is whether the Debtor's annuity constitutes property of the estate. Under § 541(a), the estate is comprised of all legal or equitable interests of the debtor as of the commencement of the case. The Debtor's interest in the annuity constitutes property of the estate unless excluded.

The only basis for exclusion of the annuity from property of the estate is § 541(c)(2), which provides: "A restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable

under applicable nonbankruptcy law is enforceable in a case under this title."

■ Section 541(c)(2) is the subject of conflicting decisional law and a recent Supreme Court decision. Some courts have held that only spendthrift trusts are excluded from the estate under this section. *See In re Swanson,* 873 F.2d 1121 (8th Cir.1989); *In re Lichstrahl,* 750 F.2d 1488 (11th Cir.1985); *Matter of Goff,* 706 F.2d 574 (5th Cir.1983). Other courts have concluded that property with attributes similar to spendthrift trusts are excluded under § 541(c)(2) as well. *See McLean v. Central States, Southeast and Southwest Areas Pension Fund,* 762 F.2d 1204 (4th Cir. 1985); *In re Atallah,* 95 B.R. 910 (Bkrtcy. E.D.Pa.1989); *In re Threewitt,* 24 B.R. 927 (D.Kan.1982). In *Patterson v. Shumate,* — U.S. —, 112 S.Ct. 2242, 119 L.Ed.2d 519 (1992), the Supreme Court held that an Erisa-qualified retirement plan was excluded from the estate under § 541(c)(2) even though it did not satisfy the requirements of a spendthrift trust. The Court noted that the plain language of § 541(c)(2) is controlling and ruled that property is excluded from the estate when three statutory requirements are met: (1) the Debtor has a beneficial interest in a trust; (2) there is a restriction on the transfer of the beneficial interest of the Debtor in the trust; and (3) the restriction is enforceable under applicable nonbankruptcy law.

In *Patterson,* the Supreme Court concluded that an Erisa-qualified plan met the requirements of § 541(c)(2). The plan's restrictions on transfer were mandated by Erisa and were found to be enforceable under "applicable nonbankruptcy law." The Supreme Court did note, *in dicta,* that a debtor's interest in certain plans that are not Erisa-qualified could not be excluded from the bankruptcy estate because the plans lack transfer restrictions enforceable under "applicable nonbankruptcy law." The Supreme Court referred to pension plans established by governmental entities and churches as plans which would be included in estate property, noting that such plans did not have to comply with Erisa's anti-alienation provisions. The Court also concluded that individual retirement accounts under 26 U.S.C. § 408 are specifically excepted from Erisa's anti-alienation requirements. *See Patterson,* — U.S. at —, 112 S.Ct. at 2249. It appears that IRA accounts are included in estate property if such plans do not have anti-alienation provisions enforceable under applicable nonbankruptcy law. The critical issue, respecting whether IRA's are property of the bankruptcy estate, will thus be whether the IRA plan contains anti-alienation provisions that are enforceable under nonbankruptcy laws other than Erisa.

■ The TIAA annuity contract in the instant case should be excluded under § 541(c)(2). First, there is no assertion that the "trust" requirement of § 541(c)(2) is not met. It appears that the Debtor holds a beneficial interest in the annuity contract and that the Debtor does not hold or control any actual funds. The Debtor's TIAA annuity contract is administered by a fiduciary.

Second, the TIAA annuity contract has explicit restrictions on transfer. The retirement annuity contract states that neither the Debtor nor any other person can assign, pledge, or transfer ownership of the contract or any benefits under its terms. The annuity recites that it is exempt from the claims of creditors, and the Debtor must retire or die before any benefits will be distributed.

Third, the TIAA annuity contract restrictions on transfer are enforceable under applicable nonbankruptcy law. The TIAA documents state that they are to be governed by New York law, and numerous courts have concluded that this choice of law provision is enforceable. *See In re Montgomery,* 104 B.R. 112 (Bkrtcy.N.D. Iowa 1989); *In re Braden,* 69 B.R. 93 (Brktcy.E.D.Mich.1987); *Connick v. Teachers Ins. & Annuity Ass'n,* 784 F.2d 1018 (9th Cir.1986). Numerous courts have also concluded that the restrictions on transfer set forth in TIAA annuity contracts are enforceable under New York law. "The strict anti-assignment provisions of TIAA–CREF make it impossible for annuitants to reach the funds in their accounts before

retirement." *See Morter v. Farm Credit Services*, 937 F.2d 354, 355 (7th Cir.1991) *cert. denied*, —— U.S. ——, 112 S.Ct. 2991, 120 L.Ed.2d 868 (1992) (quoting with approval from *Connick v. Teachers Ins. and Annuity Ass'n*, 784 F.2d 1018, 1021 (9th Cir.1986), *cert. denied*, 479 U.S. 822, 107 S.Ct. 91, 93, 93 L.Ed.2d 43 (1986)). It is also clear under New York law that a judgment creditor, even a former spouse with a child support claim, cannot reach the corpus or principal of a TIAA annuity. *See Alexandre v. Chase Manhattan Bank*, 61 A.D.2d 537, 403 N.Y.S.2d 21 (1978). At most, the support claimant may reach the benefits paid under a TIAA annuity when and as the payments become due without acceleration. *See Matter of Aurora G.*, 98 Misc.2d 695, 414 N.Y.S.2d 632 (1979). TIAA annuity contracts thus contain restrictions on transfer that are enforceable both against the debtor and against creditors.

Due to the inability of either the debtor or creditors to reach the annuities, courts have concluded that TIAA annuities are excluded from the bankruptcy estate. *See In re Lyons*, 148 B.R. 88 (Bkrtcy.D.C.1992); *In re Baxter*, 135 B.R. 353 (Bkrtcy. E.D.Ark.1992); *Morter*, 937 F.2d at 354; *In re Reynolds*, 1989 WL '252636 (Bkrtcy. W.D.Ark.1989); *In re Braden*, 69 B.R. 93 (E.D.Mich.1987). I conclude that the Debtor's interest in the TIAA annuity is excluded from property of the bankruptcy estate because the statutory conditions of § 541(c)(2) are met.

 One feature of this litigation should be commented on before closing. The Internal Revenue Service asserts a federal tax lien. Exemptions under state law are not valid against a tax lien except to the extent provided by 26 U.S.C. § 6334(a). It appears that the Nebraska exemption for retirement plans cannot be asserted against the Internal Revenue Service. Furthermore, the recent Supreme Court case of *Dewsnup v. Timm*, —— U.S. ——, 112 S.Ct. 773, 116 L.Ed.2d 903 (1992), would seem to foreclose any assertion by the Debtor that the tax lien of the Internal Revenue Service in the annuity is voided by § 506(d). Thus, from the Debtor's standpoint, it arguably makes little difference whether the TIAA annuity is or is not property of the bankruptcy estate. In either case, the Internal Revenue Service's claim will be secured by the annuity. This, of course, makes the court wonder why this litigation was pursued by the Debtor. However, the Internal Revenue Service may be stayed pursuant to § 362(a)(6) from attempting to foreclose its tax lien without leave of this court.

By separate order the Debtor's objection to the motion to allow claims of the IRS is sustained. The IRS' objection to the Debtor's plan is overruled. The allowed secured claim of the IRS in this bankruptcy case shall be determined exclusive of the value of the TIAA annuity. Since the United States is partially undersecured, the junior lien of the Nebraska Department of Revenue is unsecured. The Debtor's objection to the proof of claim filed by the Nebraska Department of Revenue is therefore sustained.