**In re Jesse Douglas DUNN, Debtor.**

**Bankruptcy No. 96–52985–R.**

United States Bankruptcy Court,
E.D. Michigan,
Southern Division.

Dec. 22, 1997.

Robert Reed, Detroit, MI, for Debtor.

Samuel Sweet, Troy, MI, Elias Majoros, Southfield, MI, for Trustee.

## SUPPLEMENT TO OPINION

STEVEN W. RHODES, Bankruptcy Judge.

On November 12, 1997, this Court issued an opinion holding that the interest of the debtor, Jesse Dunn, in the Defined Contribution Plan (Annuity Savings Plan) of his employer, the City of Detroit, is property of the estate and that his claim of exemption should be disallowed. In connection with those proceedings, the parties did not bring to the

attention of the Court the Michigan Supreme Court case, *Wyrzykowski v. City of Hamtramck,* 324 Mich. 731, 37 N.W.2d 686 (1949). Because that case should have been addressed in the Court's previous opinion, but was not, the Court now issues this supplement to the earlier decision.

In *Wyrzykowski,* the Michigan Supreme Court held that pension benefits provided by the pension plan of the City of Hamtramck were not subject to the garnishment claims of its employee's creditors. The court held that the Hamtramck pension plan was in "the nature of a reward and noncontractual and nonassignable." *Id.,* 37 N.W.2d at 688. Furthermore, the Michigan Supreme Court held that "[t]he City of Hamtramck (a home rule city) has a lawful right to create as a reward a nonassignable, noncontractual pension with a condition and characteristic of nongarnishability." *Id.*

The creditor had argued that the provision of the city charter restricting garnishments contravened MICH. COMP. LAWS ANN. § 628.46 (West 1948), which provides:

All corporations of whatsoever nature, the state of Michigan and every county therein, may be served and proceeded against as garnishees in the same manner and with like effect as individuals under the provisions of this chapter and the rules of law relative to proceedings against corporations.

MICH. COMP. LAWS ANN. § 628.46 (current version at MICH. COMP. LAWS ANN. § 600.4011 (West Supp.1997)). The Michigan Supreme Court found that MICH. COMP. LAWS ANN. § 628.46 neither enlarged nor restricted the City's rights to protect the pension plan against garnishment. *Id.* at 688. Rather, the City of Hamtramck plan was subject to the same law as other individuals and corporations. *Id.* The Michigan Supreme Court held that the funds in the pension plan were not subject to garnishment by the employee's creditors because,

"the rule of public policy which subjects a debtor's property to the payment of his debts, does not subject the property of a donor to the debts of his beneficiary, and does not give the creditor a right to complain that, in the exercise of his absolute

right to disposition, the donor has not seen fit to give the property to the creditor, but has left it out of his reach."

*Id.* (quoting *Broadway National Bank v. Adams,* 133 Mass. 170, 174 (1882)). In essence, the Michigan Supreme Court found that the pension plan was a spendthrift trust, and furthermore, that it was not self-settled. According to the court, "This fund was derived through taxation, collection of fines, emoluments, and five per cent. deductions from the pay of the police officer under section 11 of the city charter."

This Court concludes that the facts of *Wyrzykowski* are distinguishable, because the Annuity Savings Plan in the present case is a fully *self-settled* spendthrift trust. As discussed in the previous opinion, Dunn's interest in the Annuity Savings Plan is funded exclusively by Dunn himself, whereas in *Wyrzykowski,* the plan was not funded exclusively by the employee. Accordingly, the general rule, recognized in *Wyrzykowski,* that a debtor's property is subject to his debts, applies in this case.

Moreover, it appears that the public policy justification offered by the Michigan Supreme Court in *Wyrzykowski* to protect the pension plan benefits from creditors' claims simply does not apply to the Annuity Savings Plan in this case. That court stated,

That the pension should be exempt from garnishment is of great importance to the city of Hamtramck in making an assured reward for the benefit of deserving pensioners in advanced age incapacitated from performing their duties. The city has an undoubted right to provide against the incapacitated officer being in destitution and to that end that he should have a pension reasonably commensurate with his properly anticipated needs and free from garnishment. The existence of the pension fund is a well recognized incentive to faithful discharge of duties during the period of active service.

As noted in the earlier opinion, the plan at issue, the Annuity Savings Plan, is only one of two retirement plans offered to employees by the City of Detroit. The other, the Defined Benefit Plan, is fully funded by the City

**850**

of Detroit, and is not a self-settled spendthrift trust. This plan appears to fully accomplish the purposes of the Hamtramck plan that the Michigan Supreme Court held would compel the conclusion that the plan was not subject to creditors' claims. There is no similar compelling justification for the City of Detroit to create an employee savings plan that shields employee assets from creditors.

Finally, although it appears that the pension plan in *Wyrzykowski* was funded, in part, by employee contributions, it further appears that such contributions were mandatory and not voluntary. As such, the employees had no control over the plan or its funding, and from a practical, economic perspective, the plan was in reality funded by the City, as the Michigan Supreme Court noted. In contrast, Dunn's contributions to his Annuity Savings Plan were entirely voluntary, under his control, and from his own property. As noted, Michigan law does not permit a debtor to shield his assets from his creditors simply by depositing them into a trust fund established for that purpose.

█ Comparing the present case and *Wyrzykowski* demonstrates that the application of 11 U.S.C. § 541(c)(2) to pension plans must be based on the facts of each case. *Simon v. Braden (In re Braden)*, 69 B.R. 93, 94 (Bankr.E.D.Mich.1987). As stated above, the facts and the plan in the present case are distinguishable from *Wyrzykowski*. For this reason, this Court holds that the Michigan Supreme Court's holding in *Wyrzykowski* alters neither the outcome nor the reasoning of the previous opinion in this case.